# Phœnixville, Valley Forge & Strafford Electric Railway Co.'s Appeal.

*Road law—Viewers findings of fact—Act of June 23, 1911, P. L. 1126—Damages—Option to purchase land.*

A report of viewers is fatally defective, under Section 9 of the Act of June 23, 1911, P. L. 1126, if it fails to state sufficient facts to enable the court properly to pass upon the questions involved.

Where an owner of land executes and delivers to another an agreement in proper form, granting an option to purchase the land within a time specified, and subsequently viewers are appointed in condemnation proceedings to take the land for public use, and thereafter within the time of the option the owner of the land appears before a notary public and acknowledges the option agreement, and is on the same day notified that the holder of the option exercises it, and a tender of the amount of the purchase-money is made at the same time, the holder of the option is entitled to claim the damages awarded in the condemnation proceedings less the purchase-money payable to the owner.

Argued Nov. 21, 1917. Appeal, No. 72, Oct. T., 1917, by Phœnixville, Valley Forge and Strafford Electric Railway Company, from order of Q. S. Chester Co., dismissing exceptions to report of jury of view. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Exceptions to report of jury of view. Before HAUSE, J.

*Errors assigned* were in dismissing exceptions to report of jury of view.

*Thomas Lack,* with him *S. D. Ramsey,* for appellant. —Under the Act of June 23, 1911 (P. L. 1123), viewers in municipal improvement case should make findings of fact and conclusions of law such as will enable the court to pass on exceptions that may be raised, and, on their failure so to do, the court will refer their report back for that purpose: Braddock Ave., 63 Pitts. 64.

The accepted option of June 2, 1915, vested in the appellant an estate and interest in the land condemned which was the subject of damages: Barnes v. Rea, 219 Pa. 287; McHenry v. Mitchell, 219 Pa. 297; Siter, James & Co.'s App., 26 Pa. 178; Richter v. Selin, 8 S. & R. 425; People's Street Ry. Co. v. Spencer, 156 Pa. 85; Frick's App., 101 Pa. 485; Hess v. Vinton Colliery Co., 255 Pa. 78.

Where the adjudication itself shows that the judge proceeded upon a wrong theory, the error is one of law which the appellate court ought to correct by sending the case back for a proper hearing: Hartley v. Weideman, 28 Pa. Superior Ct. 50.

*J. P. Hale Jenkins*, with him *Francis Shunk Brown*, Attorney General, *John J. Gheen* and *Arthur T. Parke*, for appellee.—The option not having been exercised or even had it been exercised the title being in Messrs. Bean & Hackett at the time of the taking, the right of the damages thereto vested in them and not in the optionee: Warrell v. Wheeling, Etc., Railroad Co., 130 Pa. 600; Zimmerman v. Union Canal Co., 1 Watts & Sergeant 346; McFadden v. Johnson, 72 Pa. 335; Tenbrooke v. Jahke, 77 Pa. 392; Barnes v. Rea, 219 Pa. 279.

Opinion by Porter, J., October 12, 1918:

This is an appeal from the action of the Court of Quarter Sessions confirming a report of viewers and dismissing exceptions thereto filed by the appellant, in a proceeding for the assessment of damages for the appropriation of a tract of land by the commissioners of Valley Forge Park, under the provisions of the Act of May 30, 1893, P. L. 183, and its supplements. The act provides that when "it shall be necessary to have recourse to a jury to assess the damages upon any property to be taken, the said jury shall consist of such number, and shall proceed, and the award be reviewed and enforced in the same manner as now provided by law

in the taking of land for the opening of roads in said county." An appeal from an order of the Quarter Sessions confirming a report of such viewers does not bring up the evidence on which the viewers assess the damages, and ordinarily this court can only consider the record: Winebiddle v. Pennsylvania R. R. Co., 2 Grant 32. The exceptions filed by the appellant to the report of the jury of viewers, which were overruled by the court below, were: 1. The report is defective in that it does not show upon what facts the jury acted, or what conclusions of law they reached in rejecting the claim of the exceptor for damages, as required by the 9th section of the Act of June 23, 1911, P. L. 1126. 2. The viewers erred in reporting that they awarded no damages to the exceptor. Turning to the report of the viewers, all that we find referring to the claim of the appellant is "S. D. Ramsey and Thomas Lack, Esqs., represented the Phœnixville, Valley Forge and Strafford Electric Railway Co., who claimed a right to said premises by virtue of a certain optional agreement of purchase and sale, which, however, was not recorded at the time of the taking by the Commonwealth." And "No damages are awarded to the Phœnixville, Valley Forge and Strafford Electric Railway Co."

The purpose of the 9th section of the Act of June 23, 1911, in requiring the viewers to set forth findings of fact and conclusions of law, was to bring upon the record the grounds upon which the viewers based their findings, in order that their report might be intelligently reviewed. This report of viewers, in so far as it referred to the claim of the appellant, failed to state sufficient facts to enable the court to properly pass upon the questions involved. Taking the report at its face it seems to clearly imply that the viewers found that the appellant was not entitled to any part of the damages, for the reason that the "optional agreement of purchase and sale ......was not recorded at the time of the taking by the Commonwealth." This was not a valid reason for re-

fusing to consider the claim of the appellant. The report does not state any facts from which it could be inferred that any party had been injured or misled by the failure to place the agreement upon record, nor does it appear from the facts upon which all the parties now agree that there was any purchaser for value who could be prejudiced. The rights of the Commonwealth are not involved in the question, for it deals only with the owner in possession, and the owner is a trustee for all those who may have rights in or liens upon the land, which become claims upon the fund to be paid by the Commonwealth. If this were all that the case presented our only course would be to reverse the decree, in order that the facts might be found by the viewers. It seems to have been upon all hands agreed in the court below that the amount of the damages found by the viewers was fair and reasonable. The only question with regard to which the parties were not in harmony was as to how the money should be distributed, and there was no dispute as to the facts out of which the rights of the parties arose. This being the case the learned judge of the court below disposed of the question as if the material facts had been set forth in the report of viewers.

The facts upon which all the parties are agreed are as follows. Bean and Hackett were the owners of the land and on June 2, 1915, in consideration of the sum of $25 paid by the appellant, they executed and delivered to the appellant an agreement, in proper form, granting to appellant an option to purchase the tract of land, said option to extend for one year from date of execution, "with the right of the party of the second part to buy all the above-described property within the period of option for the further sum of $3,975, when a proper deed will be executed by the parties of the first part free of all encumbrances to the party of the second part." The Commissioners of Valley Forge Park, on November 5, 1915, adopted a resolution to take the tract of land for purposes of the park, of which action they subsequently

notified Bean and Hackett. The park commissioners, on January 3, 1916, presented their petition to the court· below and viewers were appointed to assess damages for the taking of the land. The viewers met on April 12, 1916, and upon a number of subsequent days prior to August 18, 1916, upon which date they made up their report, which was filed in the court below on August 28, 1916. On April 19, 1916, M. F. Hackett and F. M. Bean, who are really the appellees here, appeared before a notary public and acknowledged the option agreement, which they had the previous June given to the appellant, and they were at that time notified that the appellant desired to exercise the option, and a tender was made to them of $3,975, the amount of the purchase-money. Concerning these facts there is no dispute. The learned judge of the court below was of opinion that the appellant had no interest in the land at the time it was taken by the Commonwealth, and that even if the facts had been fully set forth in the report of the viewers the appellant was not entitled to any part of the damages.

We are unable to concur in the conclusion reached by the court below. One who under a properly executed agreement has an option to purchase land does not hold the lands, nor even an absolute agreement that he shall have the lands conveyed to him, but he does get something of value, that is, the right to call for a conveyance of the lands if he elects to purchase in the manner specified. The owner parts with his right to sell the lands except to the second party, for a limited period. It is a unilateral agreement, containing the terms and conditions upon which the optionor agrees to sell and convey his land, not yet ripened into an absolute contract to sell and convey on one side and to purchase and pay on the other. Such a contract is binding on the land owner from the date of its execution, and becomes an absolute contract of sale binding on both parties, if the election to purchase is made in accordance with its provisions: Barnes v. Rea, 219 Pa. 279; McHenry v. Mitch-

ell, 219 Pa. 297; Schaeffer v. Herman, 237 Pa. 86; Barton v. Thaw, 246 Pa. 348. The appellant in this case exercised its option within the time required by the contract. When the appellees, Hackett and Bean, acknowledged the agreement, on April 19, 1916, they knew that the Commonwealth had taken the land, and their acknowledgment of the instrument was a waiver of any supposed right which they might have had to rescind the agreement: Barnes v. Rea, supra. The right of the optionee is a substantial interest in land which can be conveyed to a vendee, and when the option is exercised according to the terms of the contract, the purchaser's equitable title, as between the parties, reverts back to the date of the original agreement: Kerr v. Day, 14 Pa. 112; Peoples Street Ry. Co. v. Spencer, 156 Pa. 85; Strasser v. Steck, 216 Pa. 577. Applying these principles to the facts in this case, we are led to the conclusion that Bean and Hackett are entitled to receive $3,975 out of the amount found by the viewers as the damages in this case, and that the appellant is entitled to the balance of that fund.

If the parties file an agreement in the court below as to the facts upon which they have agreed in this court, we see no necessity for sending this case back to the viewers. There seems to be no complaint of the finding of the viewers as to the amount which the Commonwealth should pay.

The decree of the court below is reversed and the record is remitted with a procedendo.