Alfred J. VILLORESI, Appellant

v.

Charles J. FEMMINELLA, Appellee.

Superior Court of Pennsylvania.

Argued Feb. 25, 2004.

Filed July 7, 2004.

Reargument Denied Sept. 17, 2004.

Alfred J. Villoresi, Appellant, pro se.

Mark S. Love, Tannersville, for appellee.

Before: TODD, PANELLA, and JOHNSON, JJ.

JOHNSON, J.

¶ 1 Alfred J. Villoresi (Villoresi) appeals the trial court's order granting preliminary objections in the nature of a demurrer and dismissing his claim for equitable enforcement of an option agreement for the purchase of land. Villoresi contends that the court overlooked allegations pleaded in his Complaint that if taken as true would have entitled him to the relief he sought. Upon review of the Complaint we conclude that Villoresi failed to plead an actionable claim. Accordingly, we affirm the trial court's order.

¶ 2 This action arises out of the parties' apparent disagreement over the terms of an option agreement for the purchase of 281 acres nestled in the Pocono Mountains. John Villoresi, Amy Villoresi (the Villoresis), and defendant Charles J. Femminella each held an undivided one-third interest in the land subject to a mortgage of

$150,000. When, in September 1997, the Villoresi were unable to meet their respective mortgage obligations, Femminella offered to satisfy their liabilities in exchange for title to the entire parcel, subject to an option agreement that allowed the Villoresis to repurchase the land later. The agreement, effective December 31, 1997, extended for a period of three years and provided, *inter alia,* that during that time the Villoresis could purchase the entire parcel from Femminella for a stated price of $348,300. The agreement required that "time shall be of the essence," and stated that the exercise date of the option "shall not extend beyond December 31, 2000." Option Agreement attached as Exhibit "B" to Plaintiff's Complaint, (Reproduced Record (R.R.) at 23a). In consideration for the option, the Villoresis assigned to Femminella their shares of a balance due from a timbering project on another parcel of land, valued at $32,000.

¶ 3 Approximately one year later, in October 1998, Femminella transferred the land to his daughter (Daughter) for the sum of one dollar, and she contracted to have the land timbered, removing some amount of marketable wood from the property. Daughter retained title to the property for an ensuing period of two years but then reconveyed it to Femminella (again for one dollar) on December 1, 2000. On December 20, 2000, the Villoresis assigned their rights under the option agreement to Alfred J. Villoresi, the plaintiff in this action. Nevertheless, Villoresi did not attempt to exercise the option.

¶ 4 On December 28, 2000, two days before the option was to expire, Villoresi commenced an action in Monroe County at No. 8859 Civil 2000 seeking specific performance and asserting claims of breach of contract and unjust enrichment. Upon review, the trial court dismissed the Complaint, concluding that Villoresi had not attempted to exercise the option and had not properly pled an excuse for so failing. Two years and six months later, on June 27, 2002, Villoresi filed the Complaint in this action at No. 6830 Civil 2002. In response to that second Complaint, Femminella filed preliminary objections in the nature of a demurrer, asserting that Villoresi had previously sought relief on the same allegations of fact and that this second complaint failed to raise new allegations that would entitle him to relief. The trial court again found Villoresi's Complaint insufficient, sustained Femminella's demurrer, and dismissed the action with prejudice. Villoresi, acting *pro se,* now files this appeal, raising the following question for our review:

WHETHER THE LOWER COURT ERRED IN DISMISSING VILLORESI'S COMPLAINT WITH PREJUDICE SINCE HE FAILED TO TENDER THE TOTAL OPTION PRICE AFTER THE DEFENDANT SIGNIFICANTLY REDUCED ITS VALUE AFTER THE AGREED UPON PRICE, AFTER THE ACCEPTANCE OF THE CONSIDERATION, AFTER TRANSFERRING TITLE DURING THE OPTION PERIOD, AND AFTER RECEIVING THE BENEFIT OF THE BARGAIN?

Brief for Appellant at 7. Femminella, whose Counter–Statement of the Question essentially restates the rationale underlying the trial court's decision, presents the issue as follows:

Did the Trial Court commit an error of law or abuse of discretion in dismissing a second Complaint seeking specific performance of an Option Contract where Plaintiff did not exercise the option during the option period and has not pled any legally cognizable excuse for his failure to so act?

Brief for Appellee and Supplemental Reproduced Record at 2.

¶ 5 Regardless of the formulation of the question we apply, Villoresi's appeal challenges the trial court's order granting the defendant's demurrer and dismissing his complaint. Thus, we must determine whether the Complaint is sufficient as a matter of law to sustain a cause of action. *See Mistick Inc. v. Northwestern Nat'l Cas. Co.,* 806 A.2d 39, 42 (Pa.Super.2002) (citation omitted). "The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *Id.* "Thus, our scope of review is plenary and our standard of review mirrors that of the trial court." *Homziak v. G.E. Capital Warranty Corp.,* 839 A.2d 1076, 1079 (Pa.Super.2003). Accepting all material averments as true, we must determine "whether the complaint adequately states a claim for relief under any theory of law." *Id.* (citation omitted). "Where any doubt exists as to whether a demurrer should be sustained, it must be resolved in favor of overruling the demurrer." *Mistick,* 806 A.2d at 42.

¶ 6 In support of his claim for relief, Villoresi contends that his Complaint averred sufficient facts to require transfer of the land in accordance with the option contract with a reduction in price as compensation for the removal of timber during the option period. Brief for Appellant at 26. He argues in the alternative that the Complaint pled sufficient facts to require a return of the $32,000 consideration paid for the option by the Villoresis on a theory of unjust enrichment. Brief for Appellant at 26. The trial court concluded that because Villoresi had failed to exercise the option during the life of the agreement, he forfeited any right to relief he may have had either in the form of specific performance or an award of damages. Upon re-

view of Villoresi's Complaint as well as the applicable caselaw, we concur in the trial court's conclusions.

¶ 7 "An option to purchase land is a substantial interest in the land," which exists from the date the option is created until the date of its exercise or expiration, if such a date is specified in the agreement. *Appeal of Powell,* 385 Pa. 467, 123 A.2d 650, 654 (1956); *see also Snyder v. Bowen,* 359 Pa.Super. 47, 518 A.2d 558, 561 (1986); *Walsh v. Powell,* 76 Pa.D. & C. 108, 111 (Com.Pl.1951) (cited with approval in *Snyder,* 518 A.2d at 561 n. 3.).

> One who under a properly executed agreement has an option to purchase land does not hold the lands, nor even an absolute agreement that he shall have the lands conveyed to him, but he does get something of value, that is, the right to call for a conveyance of the lands if he elects to purchase in the manner specified.

*Appeal of Phoenixville, V.F. & S.E. Ry. Co.,* 70 Pa.Super. 391, 1918 WL 2404, *3. Accordingly, "[a]n option is a unilateral agreement, binding upon the optionor from the date of its execution, but does not become a contract *inter partes* in the sense of an absolute contract to convey on the one side and to purchase on the other until exercised by the optionee." *Barnes v. Rea,* 219 Pa. 279, 68 A. 836, 838 (1908); *see also Appeal of Phoenixville, V.F. & S.E. Ry. Co.,* 70 Pa.Super. 391, 1918 WL 2404, *3 ("Such a contract is binding on the landowner from the date of its execution, and becomes an absolute contract of sale binding on both parties, if the election to purchase is made in accordance with its provisions."). If and when the optionee does exercise the option, he is entitled to conveyance of the property as it existed when he executed the option contract, and his title reverts to the date on which the option was created. *See Appeal of Phoe-*

*nixville, V.F. & S.E. Ry. Co.*, 70 Pa.Super. 391, 1918 WL 2404, *3; *see also Shaffer v. Flick*, 360 Pa.Super. 192, 520 A.2d 50, 52 (1987).

¶ 8 Subject to the optionee's right of election, the optionor's right to use or convey the land during the life of the option contract is limited. *See Snyder*, 518 A.2d at 561; *see also Appeal of Phoenixville, V.F. & S.E. Ry. Co.*, 70 Pa.Super. 391, 1918 WL 2404, *3 ("The owner parts with his right to sell the lands except to the second party, for a limited period."). "Even though the [optionor] has given only an option for the purchase of the land, he owes the duty to maintain the property in the condition it was in when he gave the option, and is liable for committing waste[, *e.g.,*] by cutting timber[,] *if the option is subsequently exercised*." *Walsh*, 76 Pa.D. & C. at 112 (cited with approval in *Snyder*, 518 A.2d at 561 n. 3.) (emphasis added). Moreover, if the optionor commits waste during the life of the option, the optionee may be entitled to injunctive relief to prevent diminution in the value of the property. *See id.* (concluding that right of optionee under option contract provided basis for injunctive relief to prevent removal of topsoil from property prior to exercise of option).

¶ 9 In reliance on this ruling, Villoresi contends that, like the optionee in *Walsh*, he is entitled to relief following Femminella's sale of the land to Daughter and subsequent removal of timber, notwithstanding his admitted failure to exercise the option. Brief for Appellant at 20 ("Using the *Walsh* holding, Villoresi was entitled to damages for the waste of the Property, even though his option was not exercised."). We conclude, however, that *Walsh* provides no such entitlement.

¶ 10 In *Walsh*, the court determined correctly that the optionee was entitled to enjoin removal of topsoil from land subject to an option contract in order to preserve the value of the land. *See* 76 Pa.D. & C. at 113–14. The court premised its analysis on the determination that "[t]opsoil is a very material part of the land," *id.* at 114, and granted the injunction precisely because an award of damages could not compensate the optionee for the consequent change in the character of the property he had optioned to purchase. The court's order, as any order granting injunctive relief, acted only to preserve the *status quo* to assure the optionee of the benefit of his bargain if in the future he elected to purchase the land as his option allowed. Critical to the court's disposition, and implicit in its rationale, is the recognition that the option remained to be exercised; unlike the option at issue here, it had not expired.

¶ 11 Thus, while the decision in *Walsh* establishes grounds for injunctive relief to prevent waste during the life of the option, it provides no basis for any relief of any sort after the option has expired if the optionee has not exercised the option. Indeed, the court in *Walsh* relied expressly on the earlier directive of our Supreme Court that if the agreement expires of its own terms and the optionee has not attempted to exercise his right to consummate the purchase option, he has no right of action. *See id.* at 111 (quoting *Barnes*, 68 A. at 838) ("The optionee could take or refuse to take during [the option] period. If he failed or neglected to exercise his option within the time limited in the manner specified in the agreement, it was at an end. The agreement did not become an absolute contract to purchase until the optionee elected to take.").

¶ 12 Such a conclusion is consistent with appellate caselaw dating back well over a century. Neither our cases nor those of our Supreme Court offer any support for a right to conveyance of the land or damages

arising from waste by the optionor if the optionee fails to exercise his option under the agreement. *Cf. In re CG Realty Investments, Inc.*, 79 B.R. 249, 253 (E.D.Pa., 1987) ("After an option has expired, it cannot be enforced, and the parties are released from all liability thereunder."). Rather, our analyses allowing specific performance or awarding any form of compensation for changes in the condition of the land rely, without exception, on the optionee's exercise of the purchase option in the parties' contract. *See, e.g., Appeal of Powell*, 123 A.2d at 654 (reasoning that "where condemnation of land follows the granting of an option to purchase it and the optionee subsequently exercises the option according to the agreement, the optionee is entitled to the damages due to the taking unless the optionor has specifically reserved them to himself"); *People's St. Ry. Co. of Luzerne Co. v. Spencer*, 156 Pa. 85, 27 A. 113, 114 (1893) (allowing optionee to collect insurance proceeds for fire damage to optioned property after he exercised option because "insurance was, in contemplation of law, for the benefit of whomever should be entitled when the option was exercised or expired by default"); *Shaffer*, 520 A.2d at 52 (affirming declaratory judgment in favor of optionees who sought insurance proceeds from destruction of optioned farm property because optionees exercised option within time allowed by contract, citing *Powell, supra*).

¶ 13 In each such case, our Courts recognized that the optionee's entitlement to any remedy derived from the retroactive application of his equitable interest in the property to the date on which the option was created. *See, e.g., Shaffer*, 520 A.2d at 52 (discussing holding in *Powell* that "upon exercise of the option, the equitable title of the lessee-optionee reverted back to the date of the original agreement, and the lessee-optionee became the owner

as of that date, or of the insurance money which stood *pro tanto* in its place"). Because the right to relief exists in relation to the equitable interest created by the option, an optionee who allows the option to expire holds no claim of right upon which to seek relief. Thus, we can only conclude that because Villoresi failed even to attempt the exercise of his option to purchase during the life of the option contract and allowed the contract to expire, he has no claim of right to any relief concerning the subject property. *See In re CG Realty Investments, Inc.*, 79 B.R. at 253. The trial court did not err in so finding.

¶ 14 In a second argument, Villoresi asserts that Femminella's transfer of title to the land to a third party during the option period constituted a breach of the option contract. Brief for Appellant at 23. He concludes, without citation to authority, that "[s]ince the defendant breached the contract, Villoresi should have been given the opportunity to renegotiate and adjust the terms of the option contract." Brief for Appellant at 24. We acknowledge that Femminella acted beyond the scope of his lawful authority when he transferred the land in question to a third party. *See Appeal of Phoenixville, V.F. & S.E. Ry. Co.*, 70 Pa.Super. 391, 1918 WL 2404, *3 ("The owner parts with his right to sell the lands except to the second party, for a limited period."). Caselaw establishes that under such circumstances, the optionee may seek injunctive relief to preserve the benefit of his bargain. *See Walsh*, 76 Pa.D. & C. at 111. Nevertheless, both Villoresi and his predecessors in interest took no action to protect their interest in the property, allowing the option to expire and with it the equitable interest in the land that the option contract had conferred. Although the expiration of Villoresi's interest in the real estate does not necessarily extinguish his right to seek a

remedy for Femminella's alleged breach of contract, we find no grounds in Villoresi's scant argument to conclude that the trial court erred in refusing to allow Villoresi's action to proceed as a contract claim. Villoresi's brief offers only bald allegations of breach of contract and provides no analysis of how or why Femminella's actions support such a cause of action. Because we will not assume the role of counsel for any litigant, *see Estate of Ḥaiko v. McGinley*, 799 A.2d 155, 161 (Pa.Super.2002), we are compelled to conclude that this second, undeveloped, claim provides no basis for relief.

¶ 15 In a third argument, Villoresi asserts that he is entitled to a refund of the $32,000 consideration paid to Femminella for the option to purchase the property. Brief for Appellant at 24–25 ("Villoresi was entitled to the 'money that was paid on account of the purchase and on the expenses incurred on the faith of the contract.'"). Although Villoresi's Complaint characterizes this claim as one of unjust enrichment, the only precedential case cited in his brief does not address this cause of action, but focuses instead on the proper measure of damages for breach of an oral contract. *See Weir v. Rahon*, 279 Pa.Super. 508, 421 A.2d 315, 317 (1980). Because Villoresi's brief fails to substantiate his claim for unjust enrichment by reference to pertinent caselaw, we deem the underlying claim waived. *See* Pa.R.A.P. 2119(a) (requiring that appellant's brief include "such discussion and citation to authorities as are deemed pertinent"); 2101 ("Conformance with Requirements").

¶ 16 In any event, waiver notwithstanding, Villoresi's claim fails· to establish grounds for the relief he seeks. A cause of action for unjust enrichment may arise only when a transaction of the parties not otherwise governed by an express contract confers a benefit on the defendant to the plaintiff's detriment without any corresponding exchange of value. *See Temple Univ. Hosp. v. Healthcare Mgmt.*, 832 A.2d 501, 507 (Pa.Super.2003); *Mitchell v. Moore*, 729 A.2d 1200, 1203–04 (Pa.Super.1999). In that event, the law may imply a contract, requiring the defendant to pay to the plaintiff the value of the benefit conferred. *See Mitchell*, 729 A.2d at 1203. Such a "quasi-contract" imposes a duty "not as the result of any agreement, whether express or implied, but in spite of the absence of an agreement" where the circumstances demonstrate that it would be inequitable for the defendant to retain the benefit conferred without payment. *Temple Univ. Hosp.*, 832 A.2d at 507 (quoting *AmeriPro Search, Inc. v. Fleming Steel Co.*, 787 A.2d 988 (Pa.Super.2001)). Where an express contract already exists to define the parameters of the parties' respective duties, the parties may avail themselves of contract remedies and an equitable remedy for unjust enrichment cannot be deemed to exist. *See Mitchell*, 729 A.2d at 1203.

¶ 17 In this case, the parties' transaction was fully delineated within the confines of the written option agreement. Indeed, the $32,000 sum that Villoresi seeks to recover was the very consideration that rendered the option contract enforceable. Consequently, it cannot be deemed a benefit conferred without a corresponding exchange of value; Villoresi's predecessors paid the sum in question to obtain the rights established in the option contract. That contract entitled them to call for conveyance of the subject property at a stated price for a defined period of time, and required Femminella and his assigns to part with the property on those terms. The failure of Villoresi or his predecessors to exercise their rights under the agreement does not render the exchange of value in any way unjust. Even

if it did, the existence of the written agreement would confine Villoresi to a contract remedy and preclude a claim of quasi-contract. *See Mitchell,* 729 A.2d at 1203. Accordingly, the trial court did not err in granting Femminella's demurrer to the corresponding count of the Complaint.

¶ 18 For the foregoing reasons, we affirm the order of the trial court granting Femminella's preliminary objections.

¶ 19 Order **AFFIRMED.**