**Hess v. Sexchick Poultry Services Inc.**

*Robert S. Cronin,* for plaintiffs.

*Stephanie Carfley,* for defendant Sexchick Poultry Services.

*John S. Lawler,* for defendant Mortensen.

PEREZOUS, *J.,* August 23, 2006—This matter is before the court on preliminary objections filed by the defendants, Sexchick Poultry Services Inc., and Francis M. Mortensen, personal representative for the estate of Lewis L. Mortensen, against the complaint of the plaintiffs, David L. Hess and Edwin Hess, t/a Hess business Brokers. Defendants contend that plaintiffs' complaint

contains several defects and/or deficiencies. Specifically, defendant Sexchick argues that the conversion claim found in Count V, and unjust enrichment claims found in Counts II and IV fail to state claims upon which relief can be granted. Defendant Mortensen avers that the breach of contract claim found in Count I and unjust enrichment claim found in Count II fail to state claims upon which relief can be granted, and also contends that the breach of contract claim is insufficiently specific. For the following reasons, the preliminary objections are overruled, in part, and sustained, in part, in accordance with this opinion.

According to the complaint, plaintiffs and defendants entered into a written business listing agreement on July 15, 2002. Pursuant to this agreement, the defendants hired plaintiffs as their sole and exclusive agent for the sale of Sexchick. Paragraph 3 of the agreement states as follows:

"The commission or fee for professional services under this contract has been negotiated as follows: in the event of a sale, transfer or exchange, in whole or in part, of the business, assets, or corporate stock of the listed business, including any contracts for personal services or consulting from one party to the other, by whomsoever made or effected, including the owner, or if company procures a purchaser ready, willing and able to buy the business at the listing price within the period of time this contract is in force, the owner agrees to pay company a commission of 10 percent of the selling price ...." Plaintiffs' exhibit A. This agreement was, by its terms, to expire on October 15, 2003.

Despite their best efforts, plaintiffs were unable to secure the sale of Sexchick to an independent third

party. However, during the term of the agreement, defendant Lewis Mortensen allegedly negotiated and executed an amended shareholders' agreement pursuant to which his shares of Sexchick were to be sold/transferred to the corporation, itself, upon his death. On April 26, 2003, Mr. Mortensen died, and his interest in Sexchick was sold/transferred to defendant Sexchick in exchange for an amount in excess of $1,000,000. Therefore, plaintiffs aver that defendants are liable to plaintiffs for commissions equaling 10 percent of the amount that the estate of Mr. Mortensen received from defendant Sexchick for his interest in the company.

In addition to the aforementioned agreement, plaintiffs and defendant Sexchick allegedly entered into an oral corporate consulting agreement on or about October 7, 2002. Pursuant to this agreement, plaintiffs were to provide, and did provide, services including but not limited to: (a) establishing a fair market value for Sexchick; (b) evaluating the corporate minutes of Sexchick; (c) assisting Sexchick in locating and retaining an accounting firm; and (d) assisting Sexchick in locating and retaining legal services for the purposes of revising and amending Sexchick's shareholders' agreement. In exchange for these services, defendant Sexchick allegedly agreed to pay $52,500. Plaintiffs received $10,000 in October 2002, as a down payment for these services, but the balance has not been paid.

Plaintiffs filed the complaint on March 6, 2006. It sets forth breach of contract and unjust enrichment claims against both defendants, and a conversion claim against defendant Sexchick. On March 24, 2006, defendant Sexchick filed preliminary objections to Counts II and IV of the complaint, which allege unjust enrichment

relating to the business listing agreement and corporate consulting agreement, respectively. It also filed preliminary objections to Count V, which alleges a conversion claim against defendant Sexchick. Defendant Mortensen filed preliminary objections on March 29, 2006 to Counts I and II, which allege breach of contract and unjust enrichment claims relating to the business listing agreement. The parties filed their supporting argument briefs and the matter is now ripe for review.

It is well-settled in this Commonwealth that "preliminary objections in the nature of demurrers are to be sustained only where facts averred in a complaint are clearly insufficient to establish the pleader's right to relief." *HCB Contractors Inc. v. Liberty Place Hotel Associates,* 539 Pa. 395, 397, 652 A.2d 1278, 1279 (1995). In determining whether to grant a demurrer, the court must accept as true all of the well-pleaded material facts set forth in the complaint and all of the inferences fairly deducible from those facts. *Small v. Horn,* 554 Pa. 600, 608, 722 A.2d 664, 668 (1998). When doubt exists as to whether a demurrer should be sustained, the doubt should be resolved in favor of overruling the demurrer. *Green v. Mizner,* 692 A.2d 169, 172 (Pa. Super. 1997).

In the present case, defendant Mortensen contends that plaintiffs' breach of contract claim fails to state a claim upon which relief can be granted. She contends that plaintiffs were to be paid 10 percent of the listing price of Sexchick only if they were successful in presenting a buyer willing to purchase Sexchick. She points to the following language of the contract:

"If company [Hess Business Brokers] procures a purchaser ready, willing and able to buy the business at the

listing price within the period of time this contract is in force, the owner agrees to pay the company a commission of 10 percent of the selling price, but in any event the commission owed to the company shall not be less than $ N/A." Plaintiffs' exhibit A.

Based upon this language, defendant Mortensen argues that the only event that triggered payment of the commission was the plaintiffs' securing a buyer to purchase Sexchick. Since plaintiffs failed to do this, defendant claims that they are not entitled to any commission.

Defendant Mortensen, however, fails to address the preceding language contained in paragraph 3 of the business listing agreement:

"The commission or fee for professional services under this contract has been negotiated as follows: in the event of a sale, transfer or exchange, in whole or in part, of the business, assets, or corporate stock of the listed business, including any contracts for personal services or consulting from one party to the other, by whomsoever made or effected, including the owner [defendants Sexchick and Mortensen] *or* if the company [Hess Business Brokers] procures a purchaser ready . . . ." Plaintiffs' exhibit A. (emphasis added)

According to this language, plaintiffs were owed a commission in the event of a transfer or exchange, in whole or in part, of the corporate stock of the listed business by whomsoever made or effected the transaction, including defendants.

According to the complaint, Mortensen negotiated and executed an amended shareholders' agreement, whereby his shares of Sexchick were to be sold/transferred to Sexchick upon his death. This transfer occurred when

Mortensen died in April 2003, when the agreement was in effect. As the complaint sets forth, defendants had a duty under the express terms of the agreement to pay the commission for the amount received from this transfer, despite the fact that plaintiffs did not secure a purchaser for the company. Consequently, the court is unable to say with certainty that plaintiffs failed to state a claim upon which relief can be granted and the objection must be overruled.

Defendant Mortensen also argues that plaintiffs failed to plead the material facts to support a claim for breach of contract. Pursuant to the Rules of Civil Procedure, a plaintiff is required to state the material facts on which a cause of action is based in a concise and summary form. Pa.R.C.P. 1019(a). Rule 1028(a)(3) permits a preliminary objection for insufficient specificity in a pleading. In evaluating whether a pleading is sufficiently specific, the question is "whether the pleading is sufficiently clear to enable the defendant to prepare his defense." *Paz v. Commonwealth, Department of Corrections,* 135 Pa. Commw. 162, 170, 580 A.2d 452, 456 (1990). In the present case, the complaint is sufficiently specific to enable the defendant to adequately prepare his defense. As such, the court must overrule the objection.

In a breach of contract action, a plaintiff must allege facts supporting three elements: "(1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages." *Sullivan v. Chartwell Investment Partners LP,* 873 A.2d 710, 716 (Pa. Super. 2005). As plaintiffs argue, the factual allegations pled in the complaint set forth, with the required specificity, a legal cause of action against Mortensen for breach of the business

listing agreement. First, plaintiffs alleged the essential terms of the contract, and attached the business listing agreement to the complaint. Second, plaintiffs alleged that defendant Mortensen breached the duty owed to plaintiffs by failing and refusing to pay the commissions required under the business listing agreement as a result of the April 26, 2003 transfer of Mortensen's interest in Sexchick. Finally, plaintiffs alleged damage in an amount in excess of $100,000 as a result of Mortensen's failure to abide by the terms of the business listing agreement. Therefore, plaintiffs' breach of contract claim should not be dismissed for insufficient specificity.

Both defendants also contend that the unjust enrichment claim found in Count II fails to state a claim upon which relief can be granted. In order to state a cause of action for unjust enrichment, a plaintiff must allege that (1) it conferred benefits on the defendant; (2) the defendant appreciated and accepted such benefits, and (3) it would be inequitable for the defendant to retain the benefits without payment of value. *Wiernik v. PHH U.S. Mortgage Corp.,* 736 A.2d 616, 622 (Pa. Super. 1999). In *Villoresi v. Femminella,* 856 A.2d 78 (Pa. Super. 2004), the Superior Court determined that the parties' transaction was fully delineated within the confines of the written agreement, and confined the plaintiff to his remedies under the contract. *Id.* at 84-85. Thus, the unjust enrichment was disallowed, and the Superior Court affirmed the order of the trial court granting the defendant's preliminary objections to the plaintiff's complaint.

The Superior Court stated that "[a] cause of action for unjust enrichment may arise only when a transaction of the parties not otherwise governed by an express contract

confers a benefit on the defendant to the plaintiff's detriment without any corresponding exchange of value." *Id.* at 84. "Where an express contract already exists to define the parameters of the parties' respective duties, the parties may avail themselves of contract remedies and an equitable remedy for unjust enrichment cannot be deemed to exist." *Id.* In other words, when a written agreement exists, a party's remedy is based on the terms of the agreement; quasi-contractual remedies are precluded. See *id.* at 85.

In the present case, the transaction between the parties was governed by the business listing agreement. The agreement delineated the scope of the duties owed by the parties, and called for a 10 percent commission in the event of a sale/transfer of Sexchick. The complaint alleges that the duties owed under the contract were provided by plaintiffs, and demands an amount in excess of $100,000 pursuant to their unjust enrichment claim. The amount demanded by plaintiffs under their unjust enrichment claim equals the commission that is allegedly due under the agreement. As stated in *Villoresi,* however, "the existence of the written agreement . . . confine[s plaintiffs] to a contract remedy and preclude[s] a claim of quasi-contract." *Id.* at 85. Therefore, plaintiffs' unjust enrichment claim fails to state a claim upon which relief can be granted and the objections to Count II are sustained.

Next, defendant Sexchick contends that the unjust enrichment claim found in Count IV fails to state a claim upon which relief can be granted. In Count IV, plaintiffs allege that they provided certain services on behalf of defendant Sexchick that conferred a benefit upon it.

Defendant allegedly accepted the benefit of these services, and retained the benefit of these services without paying plaintiffs fair and reasonable compensation. Plaintiffs further allege that the value of these services total $42,500 plus costs and fees.

This amount is also allegedly due plaintiffs under the terms of an alleged corporate consulting agreement, which was an oral contract according to the complaint. Unlike the business listing agreement, the validity of this agreement is not clear at this stage of the proceedings. Based upon this factor, along with Pennsylvania Rule of Civil Procedure 1020, which permits causes of action to be pled in the alternative, the court will not dismiss the unjust enrichment claim relating to the services provided pursuant to the alleged corporate consulting agreement. As such, the court overrules the objection.

Finally, defendant Sexchick contends that plaintiffs' conversion claim found in Count V fails to state a claim upon which relief can be granted. In Count V, plaintiffs assert a claim for the aforementioned $42,500 under a theory of conversion. "Conversion is the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." *Shonberger v. Oswell,* 365 Pa. Super. 481, 484, 530 A.2d 112, 114 (1987). As defendant points out, it is well-settled that failure to pay a debt is not conversion. *Francis J. Bernhardt III, P.C. v. Needleman,* 705 A.2d 875, 878 (Pa. Super. 1997). In addition, claims for conversion have been consistently disallowed where such claims are based on the same facts as the contract claim. *Pittsburgh Construction Co. v. Griffith,* 834 A.2d 572, 584 (Pa. Super. 2003). As one court stated, "if a plaintiff's

rights to property are defined by a contract with a defendant, then that plaintiff may not sue that defendant in tort for conversion of that property." *Phoenix Four Grantor Trust #1 v. 642 North Broad Street Associates,* 2000 WL 876728 *9 (E.D. Pa. 2000).

In the present case, plaintiffs' conversion claim is based upon defendant Sexchick's alleged failure to pay a debt or money that was owed under an oral agreement. Based upon the previous discussion, then, plaintiffs' conversion claim fails to state a claim upon which relief can be granted. Therefore, the court sustains the objection and Count V is dismissed.[1]

Accordingly, the court enters the following:

## ORDER

And now, August 23, 2006, upon consideration of the preliminary objections filed by the defendants, Sexchick Poultry Services Inc. and Francis M. Mortensen, personal representative for the estate of Lewis L. Mortensen, against the complaint of the plaintiffs, David L. Hess and Edwin Hess, t/a Hess Business Brokers, together with the briefs and supporting papers filed by the parties, it is hereby ordered that:

(1) Defendant Mortensen's preliminary objection on the grounds that the breach of contract claim found in Count I of the complaint fails to state a claim upon which relief can be granted and should be dismissed is overruled;

---

1. Plaintiffs' demand for punitive damages found in Count V is stricken, as well.

(2) Defendant Mortensen's preliminary objection on the grounds that the breach of contract claim found in Count I of the complaint is insufficiently specific is overruled;

(3) Defendant Mortensen's and defendant Sexchick's preliminary objections on the grounds that plaintiffs' unjust enrichment claim found in Count II of the complaint fails to state a claim upon which relief can be granted and should be dismissed are sustained;

(4) Defendant Sexchick's preliminary objection on the grounds that plaintiffs' unjust enrichment claim found in Count IV of the complaint fails to state a claim upon which relief can be granted and should be dismissed is overruled;

(5) Defendant Sexchick's preliminary objection on the grounds that plaintiffs' conversion claim found in Count V of the complaint fails to state a claim upon which relief can be granted and should be dismissed is sustained.