**Creighton v. Krummell.**

This matter comes before the court on defendants Richard and Celine Krummell's preliminary objections to plaintiffs' second amended complaint. Plaintiffs initiated this action with the filing of a complaint on June 27, 2007, alleging breach of contract and unjust enrichment. Defendants filed an answer with new matter and counterclaim on December 12, 2007. After a two year delay in litigation, on January 11, 2010, the parties stipulated that plaintiffs would be allowed to file an amended complaint, which they did the same day. Defendants filed preliminary

objections to the amended complaint on March 22, 2012, which were rendered moot by plaintiffs' filing of a second amended complaint on April 11, 2012. Defendants filed preliminary objections to the second amended complaint on April 30, 2012. Defendants filed a brief in support of their position on May 18, 2012. Plaintiffs filed a brief in opposition on May 25, 2012. Oral argument was heard on June 4, 2012. We are now prepared to decide this matter.

## DISCUSSION

Pursuant to Pa.R.C.P. §1028(a), preliminary objections may be filed by any party to any pleading on several grounds, including:

(2) Failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

(3) Insufficient specificity in a pleading;

(4) Legal insufficiency of a pleading (demurrer).

Pa. R.C.P. 1028(a)(2), (3), (4). In ruling on preliminary objections, we recognize that the court must accept as true "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom...." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth.1990). The court need not accept as true, however, "conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Cmwlth. 1998).

When ruling on a preliminary objection that would dismiss the action, we are mindful to sustain the objection

only in the cases which are clear and free from doubt. *King v. Detroit Tool Co.*, 682 A.2d 313, 314 (Pa. Super. 1996). In determining whether the factual averments of a complaint are sufficient to state a cause of action, all doubts must be resolved in favor of the sufficiency of the complaint. *Slaybaugh v. Newman*, 479 A.2d 517, 519 (Pa. Super., 1984). A demurrer will be sustained only where the complaint demonstrates with certainty that under the facts averred within, the law will not permit a recovery. *Id.*; see also *Cianfrani v. Commonwealth, State Employees' Retirement Bd.*, 505 Pa. 294, 296, 479 A.2d 468, 469 (1984). If any theory of law will support the claim raised by the complaint, dismissal is improper. *Slaybaugh,* supra; *Cianfrani,* supra. Alternatively, a motion to strike a pleading may be granted when lack of conformity to a law or a rule of court occurs. Pa.R.C.P. §1028(a)(2).

The relevant facts of this case, as alleged in the second amended complaint, are as follows. Plaintiffs and defendants entered into an agreement for sale of real property on or about January 16, 2005. As part of that agreement, defendants were to place $5,000 in escrow until construction work was completed on the property. Defendants never placed this $5,000 in escrow. At closing on June 29, 2005, the parties entered into a verbal agreement in which plaintiffs waived the necessity of defendants placing money in escrow, and in turn, defendant Richard Krummell promised to complete repairs on the property, including:

a. Painting an apartment in the white house;

b. Painting the exterior of the white house;

c. Fixing the vinyl siding above the garage doors;

d. Installing a tile floor in the brown house.

Since plaintiffs waived the necessity of putting the money in escrow, the work in question was essentially prepaid for by plaintiffs. However, defendants never completed the work outlined above, breaching their contract with plaintiffs. Thus, plaintiffs allege they have suffered a loss in the amount of $5,000.

Further, plaintiffs allege that defendants installed an insufficient and malfunctioning septic system in the apartment house located on the property. They allege that the system was installed without a permit and was not built according to applicable building codes. Plaintiffs allege that defendants knew that the system was inadequate and defective, yet failed to disclose this on the real estate sellers disclosure form, in violation of statute. Defendants represented on the disclosure form that they were not aware of any leaks, backups or any other problems relating to the sewage system. Plaintiffs allege that this was a material misrepresentation which they justifiably relied on when purchasing the property, and thus they are entitled to the $19,650 it cost to have a new septic system installed.

Finally, plaintiffs allege that when defendants moved out of the apartment they left a piano behind. However, they told plaintiffs that the piano would not be there long as friends were coming to help them move it. Plaintiffs allege that the piano was stored on plaintiffs' property for over a year. They allege that defendants appreciated the benefit of not paying for storage for the piano and claim that they are entitled to reasonable value for storage

fees relating to the piano. In total, plaintiffs bring three counts against defendants: breach of contract, violation of the unfair trade practices and consumer protection law (UTPCPL), and unjust enrichment.

In the matter now before the court, defendants raise two preliminary objections in the nature of motions for legal insufficiency of a pleading (demurrer), one as to plaintiffs' claim under the unfair trade practices and consumer protection law, and one as to plaintiffs' claim for unjust enrichment. First, defendants allege that the UTPCPL applies only to real estate purchased primarily for personal, family or household purposes. Defendants allege that plaintiffs purchased the property in question as an investment, have never resided at the property, and indeed continue to use the property as a rental. Next, defendants allege that plaintiffs' unjust enrichment claim is not permitted, as claims for unjust enrichment sound in tort, and tort recovery is not permitted in a breach of contract claim. We will address the issues raised by defendants in turn.

## I. Unfair Trade Practices and Consumer Protection Law

Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. § 201-9.2(a), provides that:

Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of method, act or purpose declared unlawful by section 3 of this act, may bring a

private action to recover actual damages or one hundred dollars ($100.00), whichever is greater.

Thus, to recover under this section, a claimant must (1) have suffered ascertainable damages, (2) be a person, and (3) have made the purchase primarily for personal, family, or household purposes. *Valley Forge Towers South Condominium v. Ron-ike Foam Insulators, Inc.*, 574 A.2d 641 (Pa. Super. 1990). The Superior Court has determined that when someone purchases a property as an investment rather than to live in, that purchase is for business purposes and the UTPCPL does not apply. *Growall v. Maietta*, 931 A.2d 667 (Pa. Super. 2008); *Lal v. Ameriquest Mortgage Co.*, 858 A.2d 119 (Pa. Super.2004). Thus, if one purchases a property intending to make money by leasing apartments to tenants, the purchase is not primarily for personal, family or household purposes and recovery under the UTPCPL is not proper. *Growall*, 931 A.2d at 676 (Pa. Super. 2007).

In the instant case, there is no dispute that plaintiff's do not live on the property, have never lived on the property, and derive income from leasing portions of the property to tenants. Based on these facts alone, we find that the property was purchased for investment, not personal, family, or household purposes. Plaintiffs argue that while a portion of the property is rented out for investment purposes, the remaining portion could be used for personal purposes by plaintiffs. They suggest that the court divide the property into two parts, an investment portion and a personal, portion, and then develop a ratio that would allow plaintiffs to recover under the UTPCPL only on the portion that pertains to plaintiffs' personal use. However, the problem with this scenario is that plaintiffs are not

using any portion of the property for personal purposes. There is no evidence that plaintiffs have ever lived on the property, currently live on the property, intend to live on the property in the future, or have utilized the property in any other way which would constitute personal, family, or household purposes. Thus, the portion of the property that pertains to plaintiffs' personal use is zero. We are not inclined to deal in hypothetical. Potentially, plaintiffs could use the entire property for personal purposes, but the fact of the matter is that they are not. Accordingly, the UTPCPL is not applicable and defendants' motion for legal insufficiency of a pleading is sustained.

## II. Unjust Enrichment

A cause of action for unjust enrichment may arise only when a transaction between the parties—not otherwise governed by an express contract—confers a benefit on the defendant to the plaintiff's detriment without any corresponding exchange of value. *Villoresi v. Femminella*, 856 A.2d 78, 84 (Pa. Super. 2004); *Temple Univ. Hosp. v. Healthcare Mgmt.*, 832 A.2d 501, 507 (Pa.Super. 2003). In that event, the law may imply a contract, requiring the defendant to pay to the plaintiff the value of the benefit conferred. *Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. 1999). Where an express contract already exists to define the parameters of the parties' respective duties, the parties may avail themselves of contract remedies and an equitable remedy for unjust enrichment cannot be deemed to exist. *Id*; *Villoresi*, 856 A.2d at 84 (Pa. Super. 2004).

In the instant case, plaintiffs admit that they entered into an agreement with defendants in which they agreed

to waive the necessity of defendants depositing $5,000 into escrow, and in turn defendants agreed to complete construction work on the property. Further, plaintiffs concede in their brief that the underlying claim for the piano storage also sounds in contract, not tort. Thus, according to plaintiffs' own pleadings, an express contract exists between plaintiffs and defendants in which both parties agreed to the exchange of something of value. Consequently, the transaction cannot be deemed a benefit conferred on defendants without a corresponding exchange of value, as defendants agreed to perform $5,000 worth of construction work as consideration for plaintiffs waiving the necessity of placing the money in escrow. The failure of defendants to complete their end of the bargain does not render the exchange of value itself unjust, as plaintiffs may still avail themselves of a contract remedy. However, the existence of the express contract confines plaintiffs to a contract remedy and precludes a claim of quasi-contract. *Villoresi*, 856 A.2d at 84 (Pa. Super. 2004). Defendants' motion for legal insufficiency of a pleading is sustained.

Accordingly, we enter the following order.

## ORDER

And now, July 6, 2012, upon consideration of defendants' preliminary objections in the nature of a motion for legal insufficiency of a pleading, Plaintiffs' response thereto, the pleadings of record, and oral argument heard in this matter on June 4, 2012, it is ordered as follows:

(1) Defendants' preliminary objection in the nature of a motion for legal insufficiency of a pleading as to plaintiffs' claim under the unfair trade practices and consumer

protection act is sustained. Plaintiffs' claim is dismissed with prejudice.

(2) Defendants' preliminary objection in the nature of a motion for legal insufficiency of a pleading as to plaintiffs' claim for unjust enrichment regarding the construction work and the storage fees for the piano is sustained. Plaintiffs' claim is dismissed with prejudice.