## Marine Bank v. Orlando

*Lawrence Bolla*, for plaintiff.
*James Lucht*, for defendant Patricia Orlando.
*Gerald Vilella*, for defendant Carlo Orlando.

NYGAARD, *J.*, April 7, 1982—On April 23, 1981, defendant, Patricia Orlando, filed preliminary objections to plaintiff's complaint. Defendant's motion to strike objects specifically to the failure of plaintiff to have a verified complaint. Inasmuch as plaintiff has complied with this requirement of the objections, defendant's motion to strike based upon the improper verification is overruled.

Further, defendant objects to plaintiff's pleading for its failure to state whether or not the claim is based upon the writing. Plaintiff's complaint is deficient in this respect. However, plaintiff's attorney has supplied the court and defendant's counsel with a copy of the issuer/cardholder agreement executed by the parties. This objection is overruled.

Balance of defendant's objections deal with plaintiff's failure to set forth the exact terms and

conditions of the agreement and failure to set forth sufficient facts pursuant to Rule of Civil Procedure 1019(f) and (h). For the reasons which follows, this objection is sustained.

First of all, it becomes apparent that this issue is ripe for resolution. The courts are constantly dealing with cases involving the collections efforts against those who have failed to make payment on this purchase/credit arrangement reached between an issuer bank and a cardholder person.

An understanding of the system by which this transaction occurs is helpful. First of all, among the several parties to a bank charge card transaction is the bank which issues charge cards to individuals such as defendants in this action. The bank establishes an account on behalf of the cardholder and, the cardholder/individual and the issuer bank enter into an agreement that governs their relationship. There is no question that this agreement was reached between defendants and plaintiff herein. A copy of the agreement has been attached to plaintiff's answer to defendants' preliminary objection.

This cardholder/bank agreement establishes a line of credit by which the cardholder/individual may incur obligations to the bank by the purchase of goods or services from some third party merchant. Typically there are two options to the cardholder:

1. He may make payment in full within a specified period of time after being billed; or,

2. He may instead elect to pay finance charges and defer the payments. And, in cases such as this one, there is a third option in which a defendant decides to do neither one nor two.

Third persons in the form of merchants also enter into agreements with banks with respect to one of

several individual card systems. These arrangements enable them to accept evidence of obligation of the cardholder to the bank as payments for goods and services. Thus, when the merchant honors the agreement with the bank and accepts a credit card issued by the bank from from a cardholder, the merchant agrees to perform certain other acts such as filling out the sales slip, depositing the sales slip in an account for which he will then receive credit from the issuing bank. The issuing bank will then periodically bill this cardholder, who, in most cases makes payment. This all works very well on paper and has become such a pervasive part of our society that some feel they cannot get along without it— others believe it is the "plastic scourge."

The peculiar problem it creates for the court such as the one we have here are problems with specificity of pleadings.

Rule 1019 in pertinent part provides as follows:

(f) Averments of time, place and items of special damage shall be specifically stated.

(h) A pleading shall state specifically whether any claim or defense set forth therein as based upon writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing.

As has been stated, the court is convinced that (h) has been complied with by attaching the underlying agreement between the issuer and the cardholder. The problems with legibility or illegibility of the charge slips and the appropriate crediting of payments, or items of proof and defense which shall be addressed at the hearing or trial thereon.

With respect to (f) the situation is somewhat different. Plaintiff has failed to state in his complaint

averments of the time, place and specific averments of damage which have arisen as the result of non-payment of the same. Defendants claim that the complaint is not sufficient with respect to these items. Counsel for plaintiff argues that defendants have this information from knowledge obtained outside of the pleadings and the information sought may be obtained through discovery proceedings. This argument loses its force when it is born in mind that the primary function of pleadings is to form the issue and to restrict the proof of trial to those issues. Personal knowledge or the potential for discovery do supply the requested information to an adverse party but such information is not a part of the pleadings and does not satisfy the primary function of this rule. The Rules of Civil Procedure are drawn on the theory that the issues are to be formed by the pleadings and the discovery process is merely an auxiliary aid to counsel.

Plaintiff's argument also fails to take into consideration the legal effect to be given pleadings during the course of the trial by the rule that the probata must concur with the allegata: Freer v. Parker 411 Pa. 346 192 A. 2d 348, (1963). Neither allegations without proof nor proof without allegations, (nor allegations and proof which do not substantially correspond) will entitle plaintiff to relief unless the defect be remedied by an amendment: Kirshon v. Friedman 349 Pa. 171 399 A. 2d 604, (1944).

The court sees no hardship to plaintiffs in this category to require them to plead specifically the information necessary to conform to the Rules of Civil Procedure. Such information must be largely known to plaintiff when the pleadings are drawn and to aver this information in the complaint is a relatively simple matter. It might potentially be both costly and time consuming to require defendants to obtain this information by deposition or in-

terrogatories. It will make for a far more expeditious and prompt trial of the law suits if the issues are clearly formed in the pleadings. This court adheres to that principle. Discovery, depositions and answer to interrogatories, while useful for obtaining information for the trial of the isues, are not a part of the pleadings and form no issues.

Rule 1019(f) also provides that averments of special damages be specifically stated. The decisions seem to be in conflict as to just what and when items become specific, or remain general damages. However, in deciding the issue as to what type damages these would be, the court would prefer to err in the area of having more specific statements as to the amount of damages that is contained in this complaint. The court believes that defendant is entitled to know the dates on which individual transactions were made, the amounts therefore and the items purchased to be able to answer intelligently and determine what items he can admit and what he must contest. In the case of Fahrney v. Foodfair Stores, Inc., 81 Dauphin. 1 (1963), the court sustained an application for more specific statement of damages as follows:

"It cannot be doubted that an essential purpose of pleading is to provide the opposite party with knowledge of facts surrounding the cause of action. Although Rule 1019(f) requires only items of special damage to be specifically stated, the great majority of courts require general damages to be particularized insofar as reasonably practicable when such is requested in the form of a preliminary objection. For these reasons, plaintiff in the case before us will be required to amend his pleadings accordingly." (Cases cited by the court therein are omitted).

Finally, if this were an action by the merchant for

merchandise sold and delivered, we would require the claim to show the items sold and the dates of sales or services. A third person such as the issuer herein who has paid such bills in the capacity of a contractor with our defendant, and who sues the cardholder, steps to some extent into the shoes of the merchant as respects pleading and proof of his or her case. Plaintiff or anyone in his position at the least must furnish dates of the transactions, amounts and items purchased, so as to enable defendant to prepare his case and to prepare for the trial of the case.

The court has reviewed a large number of cases with respect to objections of this sort. The majority of opinion appears to be that plaintiff must particularize general damage as far as is reasonably practicable. The court believes that this becomes especially true in credit card cases. We agree with the majority opinion.

### ORDER

And now, April 7, 1982, defendant's preliminary objection based upon an improper verification is overruled; preliminary objection as to whether or not the claim is based upon a writing is overruled; and the motion for a more specific pleading is sustained. Plaintiff is given a period of 20 days to file an amended, more specific complaint in accordance with this opinion.