**Remit Corporation v. Miller**

*Laurinda J. Voelcker,* for plaintiff.

*Carl Mollica,* for defendant.

RUEST, *J.,* August 15, 2008—Presently before the court are the preliminary objections of defendant Terry L. Miller. Upon receipt of defendant's objections, the court ordered this matter to be decided on briefs. Both parties submitted briefs. The court determines the preliminary objections of defendant are sustained.

## BACKGROUND

Plaintiff initiated this cause of action by filing a complaint on October 29, 2007. Defendant filed preliminary objections to the complaint. The complaint arises out of a Bank of America credit card allegedly issued to defendant. Defendant is alleged to have made his last payment on the account on or about December 15, 2003 and to have accumulated an unpaid balance of $4,679.06.

## DISCUSSION

### I. *Failure of a Pleading To Conform to Law or Rule of Court Pa.R.C.P. 1028(a)(2)*

In a credit card suit, a creditor must "attach the writings which assertedly establish [the creditor's] right to a judgment." *Atlantic Credit and Finance Inc. v. Giuliana,* 829 A.2d 340, 345 (Pa. Super. 2003). Defendant maintains plaintiff's complaint should be dismissed because it does not include the writings which form the alleged contractual relationship between the parties and doesn't explain their absence. Plaintiff maintains it has satisfied the requirements of Pa.R.C.P. 1019(i) by attaching a copy of the cardholder agreement to the complaint. Pa.R.C.P.

1019(i) states "when any claim or defense is based upon a writing, the pleader shall attach a copy of the writing." Under this rule, written agreements are considered "writings." Plaintiff maintains its claim is based upon the attached credit agreement. Defendant maintains this "agreement" is neither signed by defendant nor reflective of the original agreement between defendant and Bank of America. The agreement is dated 2004. Plaintiff avers defendant entered into the agreement with Bank of America in 2002.

Plaintiff has not attached the relevant writing to establish its claim against defendant, instead attaching a copy of the cardholder agreement from four years ago. Plaintiff has not attached defendant's original credit application, any of the periodic mailings detailing changes to the terms of the contract, or a statement averring that it lacks access to any or all of the relevant writings. Plaintiff has not attached any writings showing the agreement between defendant and plaintiff's assignor, The Sagres Company, and its assignor, Bank of America. The undated and unsigned cardholder agreement, dated 2004, may reflect the terms of the original agreement between defendant and Bank of America, but the unsigned cardholder agreement is insufficient to establish plaintiff's claim.

## II. *Lack of Standing To Sue/Non-Joinder of a Necessary Party Pa.R.C.P. 1028(a)(5)*

Defendant maintains plaintiff Remit Corporation is not the true party in interest. Plaintiff maintains it received the right to pursue this action through an assign-

ment from The Sagres Company, which was the successor in interest to the original party in interest, Bank of America. Several Pennsylvania Court of Common Pleas cases hold that an assignment must be attached to the complaint. The Centre County case of *Flanagan v. Hill, Fitzgerald and Erie Insurance Group,* 78 D.&C.4th 487 (Kistler, J.) holds that Pa.R.C.P. 1019 requires that an assignment be attached to a complaint. This holding is in accord with an Allegheny County case, *Worldwide Asset Purchasing LLC v. Stern,* 153 Pitts. L.J. 111, 112 (Allegheny Cty. 2004), which specifically addressed assignments in credit card cases. This court concurs with these holdings and determines Pa.R.C.P. 1019 requires that, in a credit card case based upon an assignment, the relevant assignments showing the chain of ownership for the account from originator to current holder must be attached to the complaint.

Plaintiff has attached an affidavit from Jerry Greenblatt, VP/CIO of The Sagres Company, purported successor in interest to Bank of America. This affidavit, while appearing on its surface to satisfy the requirements of Pa.R.C.P. 1019(i) for lost or unavailable writings, does not clearly establish the assignment of rights between Bank of America, The Sagres Company, and Remit Corporation. Nor does it explain or clarify the terms of the original agreement entered into by defendant and Bank of America or reflect the final terms of the agreement after various amendments that may have been made over the course of the agreement.

Pa.R.C.P. 2002 requires that all actions be prosecuted by and in the name of the real party in interest. The court

determines there is no assignment from Bank of America to The Sagres Company attached to the complaint and there is no sufficient factual allegation concerning how and when The Sagres Company became a valid successor in interest to Bank of America. Without that allegation, plaintiff has not pled how it has become the real party in interest in this case. Clearly, an assignee may sue as the real party in interest, but it must first "trace in [its] pleading the derivation of [its] cause of action from [its] assignor." *Brown v. Esposito,* 157 Pa. Super. 147, 149, 42 A.2d 93, 94 (1945). Plaintiff has not done so.

### III. *Insufficient Specificity in a Pleading Pa.R.C.P. 1028(a)(3)*

Defendant argues plaintiff's complaint is insufficiently specific because it does not meet the requirements of Pa.R.C.P. 1019(a) and (f). Plaintiff maintains it has pled facts with sufficient specificity to allow defendant to answer the complaint.

In determining sufficiency of the pleading in a complaint, the court will consider "whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *Rambo v. Greene,* 906 A.2d 1232, 1236 (Pa. Super. 2006). Pa.R.C.P. 1019(a) states that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. 1019(f) states that "[a]verments of time, place and items of special damage shall be specifically stated."

Plaintiff avers that defendant owes $4,679.06 for charges made under a credit agreement with a credit card. Plaintiff has attached nothing more than an affidavit from a corporate officer of a collection agency. There has not been an averment or attachment of information concerning the specifics of the alleged purchases or charges. The court concurs with the holding of the Erie County court in *Marine Bank v. Orlando,* 25 D.&C.3d 264 (Erie Cty. 1982), where that court sustained preliminary objections for failure to comply with Pa.R.C.P. 1019(f), holding that "[a] defendant is entitled to know the dates on which individual transactions were made, the amounts therefore and the items purchased to be able to answer intelligently and determine what items he can admit and what he must contest." *Id.* at 268. This information must be included in the pleading for it to comply with Pa.R.C.P. 1019(f).

Defendant additionally argues plaintiff must provide a breakdown of charges, payments, items purchased, and interest such that defendant can formulate a response or assert a counterclaim or a defense. Plaintiff argues that the requirement of Pa.R.C.P. 1019(f), that averments of time, place and items of special damages be specifically pleaded, does not extend to the requirement that every transaction on an account be detailed in the complaint. Plaintiff cites *Delligatti v. Mt. Pleasant Borough,* 76 D.&C. 200 (Westmoreland Cty. 1951), for the proposition that "the requirement that time and place be averred specifically does not require exact precision. The rule is satisfied if the time and place are sufficiently identified so that there is no uncertainty between the parties as to what time or place is intended."

*Id.* at 202, quoting 2 Anderson's Pa. Civil Practice 389. Plaintiff then argues it is sufficient to provide the time frame of December 31, 2002 through April 3, 2004, as the period in which the card was issued and the balance incurred, and that this accurately identifies the time of the agreement, and there can be no uncertainty as to what time plaintiff intends.

The court determines *Delligatti is* distinguishable from the case at bar. *Delligatti* involved a trespass action as a result of an injury sustained by a minor who fell in the street. The preliminary objection there dealt with the plaintiff's failure to state what part of the street had fallen into disrepair, how long the condition existed prior to the date of accident, where the plaintiff fell, the amount of expenses incurred for medical care, medicines etc., and the name of the person or persons to whom amounts were paid or owing. The *Delligatti* court held that a plaintiff is not required to fix a definite period of time as to how long the street had been in disrepair, that the location of the accident was sufficiently identified, and that general damages may be proved without being specially pleaded. Clearly, the defendant in *Delligatti* would know exactly what was being alleged and where it was alleged to have occurred. In the case at bar, defendant is faced with a specific amount owed, $4,679.06, and nothing more. Plaintiff did subsequently attach several account statements dated October 28, 2003 through January 28, 2004. These statements do not detail any specific charges or sufficient specific accounting information to allow the court or defendant to calculate what defendant owes or how that amount was reached.

50

Defendant also cites to a case, *Premium Assignment Corp. v. City Cab Company Inc.*, 2005 WL 1706976, 2005 Lexis 311 (C.P. Philadelphia 2005), for the proposition that "[t]he specific calculations are necessary pieces of information that are known by the plaintiff and are relatively simple to aver. The addition of those specific calculations will enable the defendant to prepare its defense and address the issues without forcing the defendant to engage in unnecessary discovery." Defendant needs this information both to be able to fully and accurately answer the complaint, to make any necessary counterclaims or defenses, and to avoid unnecessary discovery.

Accordingly the following is entered:

ORDER

And now, August 15, 2008, the following is ordered:

(1) Defendant Terry L. Miller's preliminary objections are sustained.

(2) Plaintiff shall have 20 days from the date of this order to amend its pleading.