Luz LUGO and Yesenia Marco on Behalf of Themselves and All Other Similarly Situated Individuals, Appellants

v.

FARMERS PRIDE, INC.

Superior Court of Pennsylvania.

Argued March 25, 2008.
Filed Jan. 15, 2009.
Reargument Denied March 18, 2009.

Philip A. Downey, Unionville, for appellants.

Jill Welch, Lancaster, for appellee.

BEFORE: FORD ELLIOTT, P.J., PANELLA and KELLY, JJ.

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 In this appeal of a class action, appellants challenge the sustaining of preliminary objections to their complaint. Among those objections were two in the nature of a demurrer, which encompassed each of the four substantive counts of appellants' complaint, and which effectively terminated the litigation and disposed of the entire case. The court also sustained an objection to venue in Philadelphia County. Upon review, we reverse and remand for further proceedings.

¶ 2 Appellants' complaint sought compensation for alleged unpaid wages. Appellants represent former employees of appellee, a corporation operating a chicken processing plant in Fredericksburg, Lebanon County. The plant renders chickens and produces meat products. Before and after their workday routine, as well as before and after work breaks, appellants were required to don or doff, and sanitize certain protective gear before and after entering the production line. The gear protected both the workers and the chicken meat from cross-contamination, and also protected the workers from cutting injuries.

¶ 3 Central to each of the substantive counts of appellants' complaint was the fact that appellee paid wages to appellants only for the time that they were actively engaged on the production line, but not for any of the time they spent donning, doffing, and sanitizing their protective gear. Appellants' complaint did not allege that appellee specifically promised to pay appellants for the time they spent donning, doffing, and sanitizing their protective gear. Rather, the complaint merely alleged that appellee promised appellants "that they would be paid for all hours worked." (Complaint, at paragraph 35.)

¶ 4 Appellants filed their complaint on July 20, 2006. The complaint stated four causes of action: (1) a claim pursuant to the [Pennsylvania] Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§ 333.101–333.115; (2) a claim pursuant to the Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1–260.12; (3) a claim based upon breach of an oral contract; and (4) a claim based upon unjust enrichment. Appellee responded on September 26, 2006

by filing preliminary objections. Oral argument was scheduled for January 16, 2007; and on February 1, 2007, the trial court sustained all of the objections, effectively ending this litigation. On appeal, appellants argue that the court erred in granting preliminary objections in the form of a demurrer to each count of their suit. Appellants also argue that the court erred in finding that venue was not proper in Philadelphia County, but properly belonged in Lebanon County.

¶ 5 We begin our analysis with our well-settled standard of review:

A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit re-

covery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial· of claim or a dismissal of suit, preliminary objections will be sustained only where the case if [sic] free and clear of doubt.

*Strausser v. PRAMCO III*, 944 A.2d 761, 764–765 (Pa.Super.2008), quoting *Excavation Technologies, Inc. v. Columbia Gas Company of Pennsylvania*, 936 A.2d 111, 113 (Pa.Super.2007).

¶ 6 Appellants' complaint stated their first cause of action based upon the PMWA. In advocating that the PMWA authorizes such a cause of action, appellants devote much of their appellate argument citing federal cases interpreting the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* Under developing federal law in this area, employers are required to pay animal processing employees for time spent donning, doffing, and sanitizing their protective gear. *See De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361 (3rd Cir.2007), *cert. denied, Tyson Foods, Inc. v. de Asencio*, —— U.S. ——, 128 S.Ct. 2902, 171 L.Ed.2d 841 (2008). Further, appellants attempt to argue that the legislature adopted the standards of the Fair Labor Standards Act for the PMWA when it amended the definition of "employe," under 43 P.S. § 333.103(h).[1] While we do

---

1. That section formerly read: *'Employe' includes any individual employed by an employer* but shall not include any individual to the extent that he is subject to the Federal Fair Labor Standards Act of June 25, 1938 (52 Stat. 1060), as amended, [29 U.S.C.A. § 201 *et seq.*] or subject to any other federal minimum wage and hour legislation now in effect or to be hereinafter enacted into law: Provided, That this limitation shall not be deemed to exclude any individuals from entitlement to the amount of weekly wages due them (with respect to regular time pay and overtime pay where applicable) under any statute of the Commonwealth of Pennsylvania or under any valid regulation or order issued thereunder in effect on the effective date of this act. Former 43 P.S. § 333.103(h) (bolding and italics added). Following the 1988

not agree with appellants' logic in this regard, we nonetheless agree that the PMWA contemplates that appellants are entitled to wages for the time they spend donning, doffing, and sanitizing their protective gear.

¶ 7 The focal point of the issue before us is whether the concept of "hours worked" includes, under the PMWA, the time that appellants spent donning, doffing, and sanitizing their protective gear.[2] The answer, under the facts of this case, is found in the regulations promulgated in support of the PMWA. Those regulations define "hours worked" as follows:

*Hours worked—The term includes time during which an employee is required by the employer to be on the premises of the employer, to be on duty or to be at the prescribed work place, time spent in traveling as part of the duties of the employee during normal working hours and time during which an employee is employed or permitted to work;* provided, however, that time allowed for meals shall be excluded unless the employee is required or permitted to work during that time, and provided further, that time spent on the premises of the employer for the convenience of the employee shall be excluded.

34 Pa.Code § 231.1 (in pertinent part) (emphasis added).[3]

¶ 8 Appellants' complaint contained the following pertinent averments:

22. Pursuant to government regulations and Defendant's own internal policies and procedures, Plaintiffs and Class members are required to wear special personal protective equipment and clothing ('PPE'), much of which they must purchase at their own expense, for protection and sanitary reasons. PPE includes, *inter alia,* aprons, smocks, guards, sleeves, shoes, gloves, frocks, hardhats, hairnets, earplugs, coveralls, boots, eye protection, and other protective equipment and clothing. Most of Defendant's employees use knives and other sharp instruments in the course of their work and the PPE is designed to protect them from injury.

23. As a consequence of the compensation system utilized by Defendant, Plaintiffs and Class members are not paid for the time it takes to receive, don, doff, and sanitize the required PPE, the time it takes to sanitize themselves at the beginning of their shifts and time spent walking from their lockers to the production line.

24. At the beginning of each work day, Plaintiffs and Class members are required to report to a designated area where PPE is distributed and then they must don the PPE and properly sanitize themselves and walk to the production line *before* paid time begins. These employees are not paid for this work time.

25. At the end of each work day and during lunch and other unpaid breaks, Plaintiffs and Class members have to remove, clean, sanitize and otherwise maintain their PPE, in addition to sa-

---

amendment, the definition was shortened to the bolded and italicized wording.

2. The PMWA requires that certain minimum wages be paid for all "hours worked." *See* 43 P.S. § 333.104(a).

3. Other regulations require that the minimum wage be paid for "hours worked," and also determine overtime pay. *See* 34 Pa.Code § 231.21(b) and §§ 231.41 through 231.43, respectively.

nitizing themselves. These employees are not paid for this work time.

26. According to Defendant's compensation system, Plaintiffs and Class members are not compensated for meal or rest time spent doffing, cleaning, sanitizing, maintaining, and re-donning PPE and the time spent between the end of paid production time and the time they finish removing, cleaning, sanitizing, and stowing their PPE at the end of each work day.

. . . .

35. Defendant promised Plaintiffs and Class members that they would be paid for all hours worked. Justifiably relying on this promise, Plaintiffs and class members accepted employment on behalf of Defendant.

. . . .

38. The Pennsylvania Minimum Wage Act of 1968, § 333.104(c), provides in relevant part that: 'Employees shall be paid for overtime not less than one and one-half times the employee's regular rate . . .'

. . . .

41. Plaintiffs and class members worked many hours without having been paid by Defendant on a weekly basis. Had that work been recorded as paid time, Plaintiff and class members would have worked over forty hours a week and been entitled to be paid one and a half times their regular hourly wages for all time worked in excess of forty hours per week.

■■■■ ¶ 9 According to the averments of appellants' complaint, appellants were issued their protective gear by appellee after they had arrived at work and were required to wear the protective gear both by appellee and by government regulations. According to the complaint then, appellee required appellants to be on its premises and on duty during the donning,

doffing, and sanitizing of the protective gear. If the averments of the complaint are proven true, then clearly the PMWA would consider the time spent donning, doffing, and sanitizing the protective gear as part of the "hours worked" and for which appellants would be owed wages under the PMWA.

¶ 10 Furthermore, we observe that the PMWA specifically grants employees the authority to enforce their right to statutorily defined minimum wages through civil actions. 43 P.S. § 333.113. Moreover, we find that the Legislature's declared policy underlying the PMWA also supports our finding that appellants may be entitled to compensation under the PMWA:

### § 333.101. Declaration of policy

Employes are employed in some occupations in the Commonwealth of Pennsylvania for wages unreasonably low and not fairly commensurate with the value of the services rendered. Such a condition is contrary to public interest and public policy commands its regulation. Employes employed in such occupations are not as a class on a level of equality in bargaining with their employers in regard to minimum fair wage standards, and 'freedom of contract' as applied to their relations with their employers is illusory. Judged by any reasonable standard, wages in such occupations are often found to bear no relation to the fair value of the services rendered. In the absence of effective minimum fair wage rates for employes, the depression of wages by some employers constitutes a serious form of unfair competition against other employers, reduces the purchasing power of the workers and threatens the stability of the economy. The evils of unreasonable and unfair wages as they affect some employes employed in the Commonwealth of Penn-

sylvania are such as to render imperative the exercise of the police power of the Commonwealth for the protection of industry and of the employes employed therein and of the public interest of the community at large.

43 P.S. § 333.101.

¶ 11 Therefore, we find that the trial court improperly sustained appellee's preliminary objection to this valid count of appellants' complaint.

¶ 12 Similarly, the WPCL is a statutory vehicle that the legislature has provided for employees to recover unpaid wages that are due them. The WPCL specifically authorizes such civil actions. *See* 43 P.S. § 260.9a (a) and (b).[4] Since the averments of appellants' complaint indicate that certain wages may still be owed to appellants under the PMWA, we find that appellants could also enforce their right to those wages under the WPCL; and we find that the trial court erred in sustaining the preliminary objection to the second count of appellants' complaint, pertaining to the WPCL.

¶ 13 Next, we also find that the trial court should not have sustained the objection as to appellants' claim predicated upon breach of contract. Appellants alleged that appellee agreed to pay them "for all hours worked." Appellee countered that there was no meeting of the minds necessary to a valid contract because an agreement to pay for "hours worked" is not equivalent to an express promise to pay for time spent donning, doffing and sanitizing personal equipment.

¶ 14 We find that the term "hours worked" has been defined as a term of art by the regulations supporting the PMWA.

It includes all time that the worker is required by the employer to be on the employer's premises and could therefore be found to include the time at issue here for the donning, doffing, and sanitizing of equipment. Under the circumstances of this case, appellants could argue that the regulations supporting the PMWA supply the meeting of the minds because they set firm the meaning of "hours worked." Thus, appellants can maintain an action for breach of contract, and the trial court should not have sustained appellee's preliminary objections as to this cause of action.

¶ 15 As for appellants' remaining substantive claim, predicated upon unjust enrichment, we find that the preliminary objection to this claim was also improperly sustained. The trial court's opinion does not address this issue. However, appellee argues, essentially, that causes of action under the PMWA, the WPCL, and breach of contract cannot be pleaded in the alternative with unjust enrichment because the former three causes of action are predicated upon the existence of an express contract and the latter is predicated upon the non-existence of an express contract. Appellee cites *Villoresi v. Femminella,* 856 A.2d 78 (Pa.Super.2004), *appeal denied,* 582 Pa. 719, 872 A.2d 1200 (2005), for the proposition that, "[w]here an express contract already exists to define the parameters of the parties' respective duties, the parties may avail themselves of contract remedies and an equitable remedy for unjust enrichment cannot be deemed to exist." *Villoresi,* 856 A.2d at 84. We disagree with appellee's contention, finding that appellee's argument confuses the bar against recovering under both causes of

---

**4.** Although not presently at issue on appeal, but discussed in the pleadings, we note in passing that the WPCL also provides for an award of attorney's fees and sets a three-year statute of limitations. *See* 43 P.S. § 260.9a(f) and (g), respectively. The PMWA also provides for attorney's fees. *See* 43 P.S. § 333.113.

action with a notion that pleading both causes of actions is also prohibited.

■■■ ¶ 16 We find that appellants may, indeed, plead causes of action under the PMWA, the WPCL, and breach of contract, in the alternative with a cause of action under a theory of unjust enrichment. Our *Rules of Civil Procedure* specifically provide for the alternative pleading of causes of action. Pa.R.C.P. 1020(c), 42 Pa.C.S.A. Moreover, causes of action that are inconsistent are permitted so long as they are pleaded at separate counts. Standard Pennsylvania Practice, § 16:59. Finally, this court has previously held that theories of breach of contract and unjust enrichment ***must*** be pleaded alternatively in order to allow recovery under the latter theory where an express contract cannot be proven:

> Appellant, alternatively argues that the assessments may be justified under theories of quasi contract or implied contract. We must first distinguish the various contractual theories. A quasi contract, also referred to as a contract implied in law imposes a duty, not as a result of any agreement, whether express or implied, but in spite of the absence of an agreement when one party receives an unjust enrichment at the expense of another. A contract implied in fact is an actual contract arising when there is an agreement, but the parties intentions are inferred from their conduct in light of the circumstances.
>
> If a plaintiff fails to prove a cause of action on an express contract, he may not then attempt to prove his case in quasi-contract, unless his complaint orig-

inally, or as amended sets forth a cause of action in quasi contract. In the current case, the complaint averred two causes of action, the first count, in contract, was based on the covenant in the deeds; and the second count, sounding in unjust enrichment, pleaded a quasi contract. Therefore, appellant could properly proceed on a theory of quasi contract.

*Birchwood Lakes Community Ass'n, Inc. v. Comis*, 296 Pa.Super. 77, 442 A.2d 304, 308–309 (1982) (citations omitted).[5] Therefore, claims under the PMWA, the WPCL, and breach of contract may be pleaded alternatively with a claim of unjust enrichment, although recovery may not be had for both unjust enrichment and the other claims.

■■■ ¶ 17 Moving to appellants' final issue, we agree with appellants that the trial court should not have sustained appellee's preliminary objection to venue in Philadelphia County.

■■■ ¶ 18 We begin with our standard of review:

> Generally, this Court reviews a trial court order sustaining preliminary objections based upon improper venue for an abuse of discretion or legal error. *Lovelace v. Pennsylvania Property and Casualty Insurance Guaranty Ass'n*, [874] A.2d 661, 666 (Pa.Super.2005). Further, the construction of a statute raises a question of law. On questions of law, our standard of review is *de novo*, and our scope of review is plenary. *Worth & Co., Inc. v. Department of Labor and Industry*, 595 Pa. 69, 938 A.2d 239, 243 (2007).

**5.** We observe that several of our Courts of Common Pleas have also directly found that unjust enrichment may be pleaded in the alternative with breach of contract. *See Rollinson v. Clarke–DeMarco*, 2007 WL 4593471 (Pa.Com.Pl., Mercer Co., January 22, 2007);

*DTK Ventures, L.P. v. Russo*, 2006 WL 2988463 (Pa.Com.Pl., Lackawanna Co., August 21, 2006); *Kerkel v. SPD Elec. Systems*, 2003 WL 23005010 (Pa.Com.Pl., Philadelphia Co., December 9, 2003).

*Stivason v. Timberline Post and Beam Structures Co.*, 947 A.2d 1279 (Pa.Super.2008), at paragraph 7.

¶ 19 According to the Rules of Civil Procedure, venue is proper in a personal action against a corporation under the following circumstances:

**Rule 2179.  Venue**

(a) Except as otherwise provided by an Act of Assembly, by Rule 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose;

(4) a county where a transaction or occurrence took place out of which the cause of action arose, or

(5) a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. 2179(a), 42 Pa.C.S.A.

¶ 20 Appellants argue that appellee regularly conducts business in Philadelphia County and that venue is proper under Pa.R.C.P. 2179(a)(2), 42 Pa.C.S.A.  In its appellate brief, appellee admits that it sells its products to brokers in Philadelphia County and that the amount constituted less than 0.5% of its total premium chicken sales and approximately 1.9% of its total B grade product sales as of July 2006, when appellants first filed suit.  (Brief of appellee Farmers Pride, Inc. at 19–20.)

¶ 21 In *Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 208 A.2d 252 (1965), our supreme court held that where venue de-pends upon the factor of regularly conducting business, the business engaged in must be sufficient in quantity and quality.  Quality of acts means those directly furthering, or essential to, corporate objects and do not include incidental acts; quantity of acts means those which are so continuous and sufficient to be termed general or habitual (a single act is not enough).  Appellants cite *Canter v. American Honda Motor Corp.*, 426 Pa. 38, 231 A.2d 140 (1967), in which our supreme court held that a foreign corporation doing just 1–2% of its total sales in Philadelphia County was sufficient to satisfy this test such that venue was proper.  Since appellee's level of total sales approximates these amounts in Philadelphia County, we likewise find that appellee regularly conducted business in Philadelphia County, that venue was proper, and that the court below erred in sustaining appellee's preliminary objection in this regard.

¶ 22 Accordingly, having found that the trial court erred in sustaining appellee's preliminary objections to appellants' several causes of action, as well as to venue, we will reverse the order below.

¶ 23 Order reversed.  Case remanded for further proceedings.  Jurisdiction relinquished.