**Target National Bank v. Kilbride**

*Gregg L. Morris,* for plaintiff.
*Mark S. Weaver,* for defendant.

LUNSFORD, *J.,* February 5, 2010—Presently before the court are the preliminary objections of defendant, Laurie J. Kilbride. Defendant's preliminary objections are in response to an amended complaint filed by plaintiff, Target National Bank, seeking to collect on a credit card debt. After consideration of each party's briefs, the preliminary objections are granted in part and denied in part.

## BACKGROUND

On September 7, 2009, plaintiff, Target National Bank, filed a complaint in civil action against defendant, Laurie J. Kilbride, seeking damages in the amount $9,916.19 on theories of account stated, breach of contract and quantum meruit. On October 12, 2009, defendant filed preliminary objections to plaintiff's complaint. In response, plaintiff filed an amended complaint on October 30, 2009, again seeking $9,916.19 under the aforementioned theories and attached thereto a written customer agreement and billing statements dated January 27, 2007 to September 27, 2009. Defendant again filed preliminary objections to the amended complaint on November 17, 2009, raising issues of insufficient specificity in a pleading under Pa.R.C.P. 1028(a)(3) and failure of a pleading to conform to law or rule of court under Pa.R.C.P. 1028(a)(3). Timely briefs were filed by both plaintiff and defendant.

## DISCUSSION

### I. *Failure To Attach a Signed, Written Contract Between Plaintiff and Defendant*

Defendant argues that the credit card customer agreement plaintiff attached to the amended complaint is not signed by the defendant. Additionally, defendant points out that the on the attached customer agreement is April 2005 and the billing statements attached to the amended complaint begin on January 27, 2009. As required by Pa.R.C.P. 1019(h) and 1019(i), when any claim or defense is based upon an agreement, and the agreement is in writing, the agreement between plaintiff and defendant must be attached to the pleading. Pa.R.C.P. 1019(h). If the writing is not available to the pleader, the pleader may provide the reason for the unavailability of the writing and state the substance of the writing in the pleading. Pa.R.C.P. 1019(i). In *Atlantic Credit and Finance Inc. v. Giuliana,* 829 A.2d 340, 345 (Pa. Super. 2003), the court reaffirmed this attachment requirement when it provided that a creditor must "attach the writings which assertedly establish [the creditor's] right to a judgment." See also, *World Wide Asset Purchasing LLC v. Stern,* 153 Pitts. Leg. J. 111 (Allegheny Cty. 2004) (holding that the required attachments include the application signed by the consumer and any other relevant terms and conditions which govern the issuer's claims).

In this case, plaintiff has not attached the signed writing to its pleading, nor has it set forth a reason for failing to attach the writing. As a result, plaintiff is in violation

of Pa.R.C.P. 1019(h) and 1019(i). Therefore, defendant's preliminary objection is granted.

## II. *Sufficiency of Plaintiff's Amended Complaint Under Rule 1028(a)(3)*

Defendant argues plaintiff has failed to aver sufficient facts to make a claim for account stated. In order to establish an account stated claim, "there must be a contract between the parties, that is, an express or implied promise by the debtor to the creditor." Watter H.E. Jaeger, 15 *Williston on Contracts* §1862 at 566 (3d ed. 1972). Furthermore, where there is a cause of action on an account stated, "the account must be rendered, and the other party must accept, agree to, or acquiesce in the correctness of the account." *Target National Bank v. Samanez,* AR07-009777, 2007 D.&C. Dec. Lexis 433 (Allegheny Cty. 2007). As the court held in *Ryon v. Andershonis,* 42 D.&C.2d 86, 87 (Schuylkill Cty. 1967), the plaintiff must state an allegation that the defendant "assented to the correctness of the account submitted to him." Additionally, as the court held in *C-E Glass v. Ryan,* 70 D.&C.2d 251, 253 (Beaver Cty. 1975), when presenting allegations of defendant's assent to the amount owed, "something more than mere acquiescence by failure to take exception to a series of statements of accounts received in the mail is required." See also, *Target National,* 2007 D.&C. Dec. Lexis at *13.

Therefore, in this case, while plaintiff has alleged an amount owed by defendant, the stated amount is contested by defendant. Plaintiff's allegations of defendant's assent to the amount owed go no further than stating that

defendant received monthly statements in the mail and failed to respond to them. As the court in *C-E Glass* held, something more than merely failing to respond to statements received in the mail is required to demonstrate defendant's assent. *C-E Glass* at 253. As a result, plaintiff has failed to establish a prima facie case of account stated and defendant's preliminary objection is granted.

## III. *Quantum Meruit*

Defendant also takes issue with the validity of plaintiff's quantum meruit claim. Defendant raised the issue as part of the challenge to the sufficiency of plaintiff's amended complaint.

In count three of the amended complaint, pleading in the alternative, plaintiff raises the issue of quantum meruit as an alternative theory to recover damages. Quantum meruit is a quasi-contractual remedy where a contract is implied in law under a theory of unjust enrichment. *Ragnar Benson Inc. v. Bethel Mart Associates,* 308 Pa. Super. 405, 454 A.2d 599 (1982). Parties are expressly permitted to plead in the alternative under the Pennsylvania Rules of Civil Procedure. See Pa.R.C.P. 1020(c); *Lugo v. Farmers Pride Inc.,* 967 A.2d 963 (Pa. Super. 2009). Plaintiff structured the first count of its amended complaint as an account stated and the second count of the amended complaint as a breach of contract. Plaintiff is pleading the quantum meruit claim in case the alleged harm to plaintiff is not redressed under the claims raised in either count one or two. Therefore, the quantum meruit claim is sufficiently specific and permissible under

law and defendant's preliminary objection is overruled.

## ORDER

And now, February 5, 2010, upon consideration of defendant's preliminary objections to plaintiff's amended complaint, it is ordered that defendant's preliminary objections are granted in part, plaintiff shall have 20 days to file an amended complaint with respect to parts I and II of this opinion. Defendant's preliminary objections are denied in respect to part III of this opinion.