## Commonwealth Financial Systems v. Hartzell

C.P. of Lawrence County, no. 10390 of 2010.

*Reed J. Davis*, for plaintiff.
*Ashley Derr*, for defendant.

## OPINION

COX, *J.*, October 19, 2010—Before the court for disposition are the preliminary objections to amended complaint filed on behalf of the defendant James Hartzell, which argue the following:

I. The amended complaint does not contain a specific averment alleging whether the purported agreement between the parties is oral or written, which violates Pa.R.C.P. No. 1019(h);

II. The plaintiff failed to attach the proper cardholder agreement and assignment of the defendant's account to the amended complaint in violation of Pa.R.C.P. No. 1019(i); and

III. The plaintiff has failed to specifically aver or attach documents establishing items of special damages in the amended complaint.

The amended complaint avers that on March 1, 1999, Citibank (South Dakota), N.A. (hereinafter "Citibank") issued a credit card to the defendant. It is alleged that acceptance of the terms and conditions of the credit card agreement was established when the defendant used the credit card to make purchases or receive cash advances. The defendant made purchases using the credit card,

created an outstanding balance of $11,436.79 and failed to render payments when requested to do so.

It is further alleged that Citibank assigned various accounts to Unifund Portfolio A, LLC (hereinafter "Unifund") on November 30, 2006, as evidenced by the bill of sale, assignment, and assumption agreement attached to the amended complaint. Subsequently, Unifund assigned accounts to the plaintiff Commonwealth Financial Systems, Inc. on May 13, 2009. However, the plaintiff did not attach documents identifying the exact accounts that were being assigned in either transaction.

On March 15, 2010, the plaintiff filed suit seeking compensation for the outstanding balance on the defendant's account and the interest that has accrued on the same. The defendant filed preliminary objections to complaint on May 25, 2010, and the plaintiff voluntarily withdrew its complaint. The plaintiff subsequently filed an amended complaint on June 10, 2010. In response, the defendant filed the current preliminary objections to amended complaint on June 15, 2010.

First, the defendant claims that the amended complaint violates Pa.R.C.P. No. 1019(h) because it failed to adequately aver whether the contract was written or oral. Additionally, the card agreement attached to the amended complaint does not satisfy Pa.R.C.P. No. 1019(i) because it is unsigned and it is dated approximately seven years after the defendant received the credit card. Pa.R.C.P. No. 1019(h) requires that the plaintiff state whether its cause of action is based upon a written or oral agreement when the foundation of that claim is an express contract. Additionally, Pa.R.C.P. No. 1019(i) states, "when any

claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing."

The failure to produce the cardholder agreement establishes a meritorious defense and a basis for preliminary objections pursuant to Pa.R.C.P. No. 1019(i). *Atlantic Credit and Finance. Inc. v. Giuliana*, 829 A.2d 340, 345 (Pa. Super. 2003). This issue has been addressed by *Marine Bank v. Orlando*, 25 Pa. D. & C. 3d 264 (Pa. Com. Pl. Erie 1982). It is clear that the pleader has complied with Pa.R.C.P. No. 1019(i) by attaching a copy of the underlying agreement between the issuer and the cardholder. *Id.*, 25 Pa. D. & C. 3d at 266. The *Marine Bank* court reasoned that the cardholder/bank agreement establishes the terms for the line of credit and the procedure in which the cardholder may incur obligations and liabilities for the purchase of goods or services. *Id.* The terms of the cardholder/bank agreement establishes the necessary terms for establishing claims for a default by the cardholder; thus, the agreement is sufficient to state the basis for the complaint, *Id.*

In *Target National Bank v. Kilbride*, 10 Pa. D. & C. 5th 489 (Pa. Com. Pl. Centre 2010), the bank filed an amended complaint seeking damages in the amount of $9,916.19 for claims on breach of contract and quantum meruit. The bank attached a customer agreement dated April 2005, and billing statements dated January 27, 2007, to September 27, 2009. The defendant filed preliminary objections to the amended complaint and emphasized that the customer agreement was dated April 2005, but the

billing statements did not begin until January 27, 2007. Additionally, the defendant asserted that the customer agreement did not satisfy the requirements of Pa.R.C.P. No. 1019(i) as it was unsigned. The *Target National Bank* court reiterated that when the plaintiff's claims are based upon a written agreement, it must attach that agreement to the complaint. *Id.* In the event that the writing is not available to the plaintiff, it must provide the reasons for the unavailability of the writing and state the substance of the written agreement in its pleading. *Id.* The court sustained the defendant's preliminary objections because the customer agreement attached to the amended complaint did not satisfy Pa.R.C.P. No. 1019(i) as it was unsigned and dated approximately 21 months before the billing statements began. *Id.*

The *Target National Bank* court also cited to *World Wide Asset Purchasing LLC v. Stern*, 153 Pitts. Leg. J. 111 (Allegheny Cty., 2004), where Bank of America issued the defendant a credit card for her use in making purchases subject to the terms and conditions set forth in the credit card agreement. The plaintiff subsequently purchased the defendant's account from Bank of America and filed suit to recover damages arising from the defendant's failure to make the necessary payments. The defendant filed preliminary objections, in which she argued the plaintiff violated Pa.R.C.P. No. 1019(i) because it failed to attach a copy of the written agreement between the defendant and Bank of America and also the plaintiff failed to attach the written agreement evidencing a valid assignment of the defendant's account. The only exhibit attached to the plaintiff's complaint was an undated and unsigned Visa or Mastercard cardmember agreement which appeared to be prepared in April of 1999.

The court cited to *Atlantic Credit*, supra., in which the court sustained the defendant's preliminary objections for failure to attach writings that were necessary to establish the plaintiff's right to a judgment in a specific amount. *Id.* The *World Wide Asset* court explained that in a typical situation involving credit cards, the cardholder must complete a written application, sign it and submit it to the credit provider. *Id.* In that circumstance, the cardholder agrees to be bound by the provisions set forth in the application and additional terms and conditions are provided to the cardholder when the card is issued. *Id.* When that occurs, "The writings that must be attached to the complaint include the application signed by the cardholder and any other relevant terms and conditions which govern the issuer's claims." *Id.* The court explained, the complaint must include the amounts of the charges that are part of the claim, the dates of the charges, credits for payments if any, dates and amounts of interest charges and dates and amounts of other charges, *Id.* That documentation is necessary to provide the defendant with an opportunity to calculate the total amount of damages that are allegedly due through reading the documents attached to the complaint or the allegations within the complaint. *Id.* Thus, the *World Wide Asset* court sustained the defendant's preliminary objections claiming that the plaintiff violated Pa.R.C.P. No. 1019(i). *Id.*

In the current matter, the plaintiff has attached an unsigned copy of a card agreement to the amended complaint. It appears the plaintiff has sufficiently complied with Pa.R.C.P. No. 1019(h) by attaching an unsigned copy of the card agreement to the amended complaint which indicates that its claims are based on a written contract. However, it would be preferable if the plaintiff

included an averment in the amended complaint clearly stating that the claims are based on a written contract as stated in Pa.R.C.P. No. 1019(h).

Additionally, the copyright date indicated on the card agreement is 2006 and Citibank issued the credit card to the defendant on March 1, 1999. The agreement attached to the amended complaint was created approximately seven years after the defendant received his credit card from Citibank. The plaintiff does not provide an explanation for the unavailability of the initial card agreement or the application signed by the defendant. Moreover, the plaintiff does not set forth in the amended complaint whether this written agreement was in effect during the time the charges were incurred. As stated in *Target National Bank* and *World Wide Asset*, an unsigned card agreement that fails to indicate the same date that the agreement commenced or whether it was an updated agreement in effect is insufficient to satisfy the requirements set forth in Pa.R.C.P. No. 1019(i). The plaintiff has not provided any indication that the terms set forth in the card agreement with the copyright date of 2006 contains the identical terms and conditions agreed upon by the defendant or whether the defendant had accepted these updated terms. Without averments of the agreed upon terms, the amended complaint is clearly deficient pursuant to Pa.R.C.P. No. 1019(i) and the prevailing case law in similar situations to the current case. Therefore, the court sustains the defendant's preliminary objection regarding the plaintiff's failure to satisfy Pa.R.C.P. No. 1019(i) by merely attaching the card agreement that has a copyright date of 2006 to the amended complaint. The plaintiff is granted leave to amend its amended complaint.

184

It must be noted that this court has addressed this issue in *Capital One Bank v. Yagersky*, 10092 of 2010, C.A. (Pa. Com. Pl. Lawrence 2010). In that case, the plaintiff also attached an unsigned copy of the cardholder agreement and this court ruled that unsigned agreement was sufficient to satisfy the requirements of Pa.R.C.P. No. 1019(i). Initially, the court must note that a person requesting a credit card must sign an application and the credit card company subsequently mails that person a detailed copy of the credit card agreement along with the credit card. The credit card must be activated by the cardholder before its use. Cases in which the plaintiff attaches a cardholder agreement to the complaint as evidence of a contract should be analyzed on a case-by-case basis. Accordingly, the court must take into account whether the cardholder agreement is attached to the complaint, whether the dates correspond to the creation of the credit card account, or any agreed upon revisions, any detailed averments in the complaint as to the terms and conditions of the credit card agreement, whether activation and usage of the credit card constituted acceptance of the terms and conditions and any other relevant factor to determine if that cardholder agreement establishes the terms of the contract. In *Capital One Bank*, the defendant did not question whether the terms and conditions set forth in the unsigned cardholder agreement were the terms upon which the defendant agreed. The attached cardholder agreement in *Capital One Bank* was not dated approximately seven years after the defendant received her line of credit, unlike the written agreement attached to the amended complaint in the current case. In *Captial One Bank*, there did not appear to be any dispute that the terms and conditions set forth in the cardholder agreement which was attached to

the plaintiff's amended complaint were identical to the terms and conditions agreed upon by the defendant. It is important to note that with a carefully drafted complaint, a plaintiff may be able to avoid attaching a signed cardholder application to the complaint, but that did not occur in the current matter. Accordingly, this court determined in the *Capital One Bank* case that, under certain circumstances, an unsigned cardholder agreement may be sufficient to satisfy Pa.R.C.P. No. 1019(i) as long as the terms and conditions relied upon are adequately established. Clearly, the plaintiff in the current matter failed to establish that the cardholder agreement attached to the amended complaint contained the terms and conditions agreed upon by the defendant, which distinguishes this case from the *Capital One Bank* case.

Furthermore, the defendant argues that the plaintiff violated Pa.R.C.P. No. 1019(i) because it failed to attach the appropriate documents to the amended complaint which establish that the defendant's account was assigned to the plaintiff. "Pa.R.C.P. No. 1019 requires that, in a credit card case based upon an assignment, the relevant assignments showing the chain of ownership for the account from originator to current holder must be attached to the complaint." *Remit Corp. v. Miller*, 5 Pa. D. & C. 5th 43 (Pa. Com. Pl. Centre 2008) (emphasis added). In a similar case arising in Lawrence County, the Honorable President Judge Dominick Motto addressed the plaintiff's failure to attach copies of the cardholder agreement, an accurate statement of the account and a written assignment to the complaint. *Hilko Receivables, L.L.C. v. Haas*, 10274 of 2009, C.A. (Com. Pl. Lawrence 2009). President Judge Motto cited to the Superior Court's decision in *Atlantic Credit*, supra., which establishes the necessary

documentation that must be attached to a complaint in debt collection cases involving the assignment of the defendant's account to another financial institution.

In *Atlantic Credit*, the appellee received an assignment of the debt owed by the appellant to GM Card for the appellant's failure to make the necessary payments on a credit card. The appellee filed a claim to recover that debt and the appellant filed preliminary objections to the complaint asserting that the appellee failed to file the necessary documentation to establish a contract between GM Card and the appellant and that a valid assignment from GM Card to the appellee occurred. The trial court overruled that preliminary objection. However, the Superior Court reversed the trial court's decision stating that the failure to attach the documents necessary to establish the appellee's right to the judgment, including the documents evidencing the assignment and the cardholder agreement, was fatal to the claims set forth by the appellee. *Atlantic Credit*, 829 A.2d at 345.

President Judge Motto extended this reasoning in *Hilko Receivables* to a case where the defendant received a credit card from a bank and the defendant used that card to compile a debt in the amount of $3,556.67. Subsequently, the plaintiff purchased the debt from the bank and filed suit to recover the outstanding amounts owed by the defendant. However, the plaintiff only attached a series of credit card statements indicating a previous balance of $2,539.42. The plaintiff did not provide any documentation to explain how that previous balance was calculated. The plaintiff also attached a document identified as an application for the credit card, but it did not indicate that an agreement existed between the parties. President Judge Motto noted that the plaintiff

failed to provide a document establishing that a valid assignment occurred. Therefore, the court granted the defendant's preliminary objections stating, "plaintiff has failed to attach to its complaint the cardholder agreement, a statement of account which fully explains how all balances were arrived at in terms of payments and credits and additionally fails to attach any writing relating to the assignment from the original lender or card issuer to any other entity and to the plaintiff." *Hilko Receivables,* supra.

In the case sub judice, the plaintiff attached a copy of the bill of sale, assignment and assumption agreement, dated November 30, 2006, to the amended complaint. That agreement is evidence of an assignment between Citibank and Unifund, in which Citibank assigned certain accounts to Unifund. However, the document attached to the amended complaint does not identify the accounts that were assigned pursuant to that agreement. Moreover, the plaintiff attached a bill of sale dated May 13, 2009, to the amended complaint, in which Unifund assigned accounts, that were identified in another document, to the plaintiff. Again, the plaintiff did not attach a copy of the document identifying the accounts that it received in the bill of sale dated May 13, 2009. As a result, it is impossible to determine whether the defendant's account was included in the assignment agreements attached to the amended complaint. Thus, the plaintiff has failed to attach the proper documents to establish that it received a valid assignment of the defendant's account, which violates Pa.R.C.P. No. 1019(i) and the prevailing case law precedent set forth in *Atlantic Credit, Hilko Receivables* and *World Wide Asset.* Hence, the court sustains the defendant's preliminary objection regarding the plaintiff's failure to attach the

proper documents establishing a valid assignment and the plaintiff's claims are dismissed. The plaintiff is granted leave to amend its amended complaint.

Finally, the defendant claims that the plaintiff violated Pa.R.C.P. No. 1019(f) because it failed to specifically state the allegations of special damages as the plaintiff merely attached a computer printout indicating the defendant's account information and outstanding balance. Pa.R.C.P. No. 1019(f) states, "Averments of time, place and items of special damages shall be specifically stated." It must be noted that the function of the pleadings is to form the issues and to restrict the proof at trial. *Marine Bank*, 25 Pa. D. & C. 3d at 267. The rules of civil procedure are drafted to establish that the issues are to be formed in the pleadings and aided by discovery. *Id.* "Neither allegations without proof nor proof without allegations (nor allegations and proof which do not substantially correspond) will entitle plaintiff to relief unless the defect might be remedied by an amendment." *Id.* (citing *Kirshon v. Friedman*, 349 Pa. 171, 176, 399 A.2d 604, 649 (1944)). The *Marine Bank* court ruled that the defendant is entitled to know the dates on which the individual transactions occurred and the amount of the purchases. *Id.*, 25 Pa. D. & C. 3d at 268. Furthermore, the court explained, "The great majority of courts require general damages to be particularized insofar as reasonably practicable when such is requested in the form of a preliminary objection. For these reasons, plaintiff in the case before us will be required to amend his pleadings accordingly." *Id.*

In the current case, the plaintiff averred in its amended complaint that the outstanding balance on the defendant's

account was $11,436.79, interest accrued at a rate of 23.9 percent per annum and the defendant owes fees and costs of collection of $2,997.95. However, the plaintiff did not include a detailed statement of the purchases made with the credit card in question and any payments made by the defendant. The plaintiff merely attached a printout of a computer screen that contains the defendant's personal information, such as his address and date of birth, the principal balance and the total balance accrued. The attachment also states the last payment, which was for $300.00, made on March 27, 2006. It must be noted that the attachment indicates that the first delinquency occurred on August 8, 2006. Although, the attachment provides the defendant with some vital information, it does not adequately inform the defendant of the dates of the individual transactions and the amount of the purchases, which is required by Pa.R.C.P. No. 1019(f). The plaintiff can satisfy that requirement by attaching a copy of a detailed statement of account setting forth the dates and the amounts of the transactions made by the defendant. Therefore, the plaintiff has failed to aver those matters of special damages with adequate specificity and the defendant's last preliminary objection is sustained. Again, the plaintiff is granted leave to amend its amended complaint.

For the reasons set forth in this opinion, the court has overruled the defendant preliminary objection regarding Pa.R.C.P. No. 1019(h) and sustained the defendant's preliminary objections regarding Pa.R.C.P., No. 1019(i) and (f). However, the plaintiff is granted leave to file an amended complaint in accordance with this opinion.

190

## ORDER OF COURT

Now October 19, 2010, this case being before the court on August 30, 2010, for oral argument on the preliminary objections to amended complaint filed by the defendant, with counsel for the plaintiff, Commonwealth Financial Systems, not appearing, and counsel for the defendant, Ashley Derr, Esquire appearing on behalf of the defendant James Hartzell, and after consideration of the argument presented by counsel for the defendant and after consideration of the argument and brief submitted and presented by counsel for the defendant and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. In accordance with the attached opinion, the preliminary objection for violation for failure to state whether the agreement was oral or written is hereby overruled.

2. In accordance with the attached opinion, the preliminary objections for violations of failure to attach adequate documentation of the agreement, the assignment of account and lack of specificity are hereby sustained.

3. The amended complaint filed by plaintiff is hereby stricken and plaintiff shall file a further amended complaint within thirty (30) days after notice of this order of court.

4. The prothonotary is directed to serve a copy of this order of court upon counsel of record, Reed J. Davis, Esquire and Ashley Derr, Esquire.