## Atlantic Credit & Finance, Inc. v. List

*Joel M. Flink,* for plaintiff.
*Norman J. Barilla,* for defendant.

402

*Robert P. List,* pro se.

PICCIONE *J.,* May 3, 2011—Before this court for disposition are preliminary objections filed on behalf of defendant Robert P. List (hereinafter, "defendant"). The current action was commenced on March 5, 2008, when plaintiff Atlantic Credit & Finance, Inc. (hereinafter, "plaintiff") filed its initial complaint, alleging default by defendant on credit card debt. Attached to the initial complaint is an affidavit indicating that defendant defaulted on a Household Bank account which was charged off on January 31, 2007 and subsequently sold to plaintiff with a balance of $3,531.33.

On April 2, 2008, defendant filed his first set of preliminary objections. Plaintiff responded by filing an amended complaint with the same affidavit and a brief account statement attached. In the amended complaint, plaintiff alleges that defendant accumulated a $3,531.33 balance by accepting and using a credit card issued to defendant by plaintiff's predecessor in interest. Plaintiff further alleges that it has made a demand upon defendant for payment but defendant has failed to pay any part of the remaining $3,531.33 balance. On May 19, 2008, defendant filed the instant set of preliminary objections.

No further action was taken in this matter until August 10, 2010, when a notice of proposed termination of court cases was sent to both parties. On August, 25, 2010, plaintiff filed a praecipe for argument on defendant's preliminary objections to the amended complaint. Oral argument in this matter was subsequently scheduled for and held on March

28, 2010. Prior to oral argument, counsel for defendant filed a Petition to Withdraw as counsel on the grounds that the petitioner has had no contact with defendant and has not been requested to continue his representation of defendant. Defense counsel did not appear at oral argument, and defendant represented himself at that proceeding.

During the argument, the parties addressed defendant's preliminary objections as well as the lack of activity in this matter between May 19, 2008 and August 10, 2010. Plaintiff argues that, based on the local rules, it was defendant's responsibility to request scheduling of oral argument on his preliminary objections. Plaintiff requests that defendant be penalized for the two year delay. With respect to the preliminary objections, defendant asserts that the amended complaint is insufficiently specific and fails to conform to law or rule of court.

Initially, the court notes that neither defendant nor his attorney should be penalized for the two year delay in moving this matter forward. Rule 211 of the Lawrence County Local Rules of court provides that, upon filing a motion, the moving party shall file a praecipe for argument or praecipe for disposition on written briefs. L211(b)(2)(i), (iv). However, Rule 211 also permits the non-moving party to file a praecipe for argument within 10 days of being served with the motion if the moving party fails to file a praecipe for argument. L211 (b)(2)(ii). If plaintiff desired to move this case forward, plaintiff could have filed a praecipe for argument ten days after it received defendant's preliminary objections on May 19, 2008. Plaintiff chose not to do so until August 10, 2010, when it

was threatened with termination of the case. As a result, plaintiff shares the responsibility for the delay in this matter. It is well-settled that "the application, construction and interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule[.]" *Patitucci v. Laverty*, 576 A.2d 992, 998 (Pa. Super. 1990). The court concludes that the delay did not constitute such an egregious violation of the local rules to warrant sanctions.

In defendant's first preliminary objection, defendant argues that plaintiff's amended complaint is insufficiently specific. Pa.R.C.P. 1028(a)(3). "The pertinent question under Rule 1028(a)(3) is 'whether the complaint is sufficiently clear to enable the defendant to prepare his defense,' or 'whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense.'" *Rambo v. Greene*, 906 A.2d 1232, 1236 (Pa. Super. 2006) (citing *Ammlung v. City of Chester*, 302 A.2d 491, 498 n. 36 (Pa. Super. 1973)). Rule 1019 of the Pennsylvania Rules of Civil Procedure requires that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form" and that "[a] verments of time, place and items of special damage shall be specifically stated." Pa.R.C.P. 1019(a), (f).

Defendant claims that plaintiff's amended complaint fails to allege the date that defendant entered into a contract with plaintiff's predecessor, the date the credit card was issued to defendant, the dates that defendant

utilized the credit card, and the terms of the contract to which defendant allegedly agreed. Defendant is correct that none of this information appears on or is attached to the amended complaint, but not all of this information is required. At a minimum, however, plaintiff must allege the date at which the account became delinquent. *American Express Centurion v. Decker*, 9 Pa. D. & C.5th 299 (C.P. Centre 2009). Plaintiff must also attach a copy of a detailed statement of account setting forth the dates and the amounts of the transactions made by defendant. *Commonwealth Financial Systems v. Hartzell*, 17 Pa. D. & C.5th 176 (C.P. Lawrence 2010). "A defendant is entitled to know the dates on which individual transactions were made, the amounts therefore and the items purchased to be able to answer intelligently and determine what items he can admit and what he must contest." *Remit Corporation v. Miller*, 5 Pa. D. & C.5th 43, 48 (C.P. Centre 2008); *Marine Bank v. Orlando,* 25 Pa. D. & C.3d 264 (C.P. Erie 1982). Because plaintiff has not provided this information, defendant cannot adequately respond to plaintiff's allegations and prepare a defense. Therefore, defendant's first preliminary objection must be sustained.

In his second preliminary objection, defendant asserts that the amended complaint fails to conform to law or rule of court in that a copy of the agreement upon which plaintiff's claim is based is not attached to the amended complaint. Pa.R.C.P. 1028(a)(2). Rule 1019 of the Pennsylvania Rules of Civil Procedure states that "[w]hen any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is

oral or written." Pa.R.C.P. 1019(h). Rule 1019 further provides that "[w]hen any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing." Pa.R.C.P. 1019(i). In the context of a debt collection action against a credit card holder, it is generally required that the cardholder agreement and statement of account be produced to establish a right to judgment. *Atlantic Credit and Finance, Inc. v. Giuliana*, 829 A.2d 340, 345 (Pa. Super. 2003). "The failure to produce the cardholder agreement establishes a meritorious defense and a basis for preliminary objections pursuant to Pa.R.C.P. No. 1019(i)." Hartzell. 17 Pa. D. & C.5th 176.

A review of the amended complaint reveals that plaintiff's cause of action is based on an agreement between defendant and plaintiff's predecessor in interest. Plaintiff does not allege whether this agreement is oral or written. If it is written, plaintiff does not attach the agreement to the amended complaint. If it is written and cannot be recovered, plaintiff does not indicate why it cannot be recovered and does not set forth the substance of the agreement in writing. Therefore, plaintiff has failed to comply with Rule 1019, and defendant's second preliminary objection must also be sustained.

## ORDER OF COURT

And now, this May 3, 2011, the court having held oral argument on March 28, 2011 regarding defendant's

preliminary objections to plaintiff's amended complaint, with Joel M. Flink, Esquire, appearing and representing the plaintiff, and defendant Robert P. List, appearing pro se, the court finds and it is hereby ordered and decreed:

1.    Defendant's first preliminary objection alleging lack of specificity is sustained pursuant to the attached opinion.

2.    Defendant's second preliminary objection alleging non-conformity to law is sustained pursuant to the attached opinion.

3.    The amended complaint filed by plaintiff is hereby stricken, and plaintiff may file any further amended complaint within thirty (30) days after notice of this order of court.

4.    The appearance of Norman J. Barilla, Esquire, as counsel for defendant in the above-entitled civil action is withdrawn.

5.    The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.